## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and<br>VICTORIA GOODMAN, on behalf of themselves<br>And others similarly situated,<br><br>Plaintiffs,<br>v.<br><br><br>LEXISNEXIS RISK & INFORMATION<br>ANALYTICS GROUP, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:   No. 11-2950<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6), Defendant LexisNexis

Screening Solutions Inc., incorrectly identified in the Complaint as LexisNexis Risk &

Information Analytics Group, Inc., through its undersigned attorneys, hereby moves for entry of

an order dismissing Counts I, III, and IV of the Amended Complaint and/or striking the class

allegations related to Count I of the Amended Complaint.  The further grounds for this Motion

are stated more fully in the accompanying Memorandum of Law, which is incorporated herein

by reference as if set forth in full.

*/s/ Andrew Soven*
Abraham J. Colman
Andrew J. Soven
Mark S. Melodia
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

Dated:  May 7, 2012

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and <br> VICTORIA GOODMAN, on behalf of themselves <br> And others similarly situated,   : <br>   : <br>   : <br> Plaintiffs,   : <br> v.   : <br>   : <br>   : <br> LEXISNEXIS RISK & INFORMATION   : <br> ANALYTICS GROUP, INC.,   : <br>   : <br> Defendant.   : | CIVIL ACTION <br> No. 11-2950 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEXISNEXIS
SCREENING SOLUTIONS INC.'S MOTION TO STRIKE CLASS ALLEGATIONS AND
TO DISMISS COUNTS I, III AND IV OF THE AMENDED COMPLAINT**

Abraham J. Colman
Andrew J. Soven
Mark S. Melodia
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

## <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION .................................................................................................. 1

II.   ARGUMENT ......................................................................................................... 2

      A.    This Court Should Strike All Class Allegations Related to Plaintiffs'
            Adverse Action Claim (Count I) ............................................................... 2

            1.    Plaintiffs Cannot Satisfy the Requirements of Rule 23(b)(3) as to
                  the Pre-Adverse Action Sub-Class Because Individual Issues
                  Predominate ................................................................................... 3

            2.    Plaintiffs Must Prove Causation and Actual Harm to Recover
                  Under § 1681o ................................................................................ 6

            3.    Plaintiffs' "Liability Only" Proposal Is Unworkable ................... 8

      B.    Counts I, III and IV Should Be Dismissed As Untimely ........................ 12

            1.    FCRA's Two-Year Statue of Limitations Has Run With Respect to
                  Counts I, III and IV ...................................................................... 12

            2.    Counts I, III and IV Do Not Relate Back to the Original Complaint ........ 13

                  a.    Count I Does Not Relate Back Because Plaintiffs Are
                        Relying on a Different Factual Predicate To Prove
                        Causation and Actual Damages and Because Plaintiffs
                        Made A Strategic Choice To Not Assert The Claim .................... 15

                  b.    Counts III and IV Do Not Relate Back Because Plaintiffs
                        Are Relying on Different Operative Facts in Support of
                        These Claims ............................................................................. 17

III.  CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

## CASES

*Abraham v. DiGugleilmo*,
  2010 U.S. Dist. LEXIS 51941 (E.D. Pa. May 25, 2010).................................13, 14, 18

*Barnett v. Experian Info. Solutions, Inc.*,
  2004 U.S. Dist. LEXIS 28855 (E.D. Tex. Sept. 30, 2004)........................................5

*Bensel v. Allied Pilots Ass'n*,
  387 F.3d 298 (3d Cir. 2004) ...................................................................................13

*Burgos v. Phila. Prison Health Sys.*,
  2009 U.S. Dist. LEXIS 77008 (E.D. Pa. Aug. 26, 2009) ........................................13

*Chakejian v. Equifax Info. Serv. LLC*,
  256 F.R.D. 492 (E.D. Pa. 2009) ...............................................................................3

*Clark v. Experian Info. Solutions, Inc.*,
  2001 U.S. Dist. LEXIS 20024 (D.S.C. Mar. 19, 2001)..............................................5

*Compuwill Express, Inc. v. ATX Telecommunications Serv., Ltd.*,
  2000 U.S. Dist. LEXIS 7303 (E.D. Pa. May 31, 2000)............................................14

*Duncan v. Northwest Airlines, Inc.*,
  203 F.R.D. 601 (W.D. Wash. 2001) ...........................................................................7

*Faust v. RCA Corp.*,
  612 F. Supp. 540 (M.D. Pa. 1985)...........................................................................13

*Gagliardi v. Equifax Info. Services, LLC*,
  2011 U.S. Dist. LEXIS 10634 (W.D. Pa. Feb. 3, 2011)............................................7

*Gates v. Rohm & Haas Co.*,
  265 F.R.D. 208 (E.D. Pa. 2010), *aff'd* 655 F.3d 255 (3d Cir. 2011)...................9, 10

*Harper v. Trans Union, LLC*,
  2006 U.S. Dist. LEXIS 91813 (E.D. Pa. Dec. 20, 2006)....................................4, 5, 8

*In re: Asbestos Products Liab. Litig.*,
  2009 U.S. Dist. LEXIS 68254 (E.D. Pa. Aug. 5, 2009) .....................................14, 15

*Kaplan v. Experian, Inc.*,
  2010 U.S. Dist. LEXIS 60098 (E.D. Mich. May 26, 2010) ......................................7

*Legge v. Nextel Communications, Inc.*,
  2004 U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004)..........................................5

*Lindner Dividend Fun, Inc. v. Ernest & Young*,
  800 F. Supp. 49 (D. Mass. 1995)........................................................................14, 15

*Ruffin-Thompkins v. Experian Info. Solutions, Inc.*,
    422 F.3d 603 (7th Cir. 2005) ........................................................................7

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................2

*Saltzman v Pella Corp.*,
    257 F.R.D. 471 (N.D. Ill. 2009), *aff'd*, 606 F.3d 391 (7th Cir. 2010) ...................8, 9

*Stichting Pensioenfonds. ABP v. Countrywide Fin. Corp.*,
    802 F. Supp. 2d 1125, 1133 (C.D. Cal. 2011) ......................................14, 15

*Thompson v. Merck & Co., Inc.*,
    2004 U.S. Dist. LEXIS 540 (E.D. Pa. Jan. 6, 2004) ................................2, 3

*Underwood v. La Salle Univ.*,
    2007 U.S. Dist. LEXIS 88959 (E.D. Pa. Dec. 3, 2007) ...............................14

*Williams v. Telespectrum, Inc.*,
    2007 U.S. Dist. LEXIS 78415 (E.D. Va. June 1, 2007) ..............................5, 6

## STATUTES

15 U.S.C. § 1681a(k)(1)(B)(ii) ..................................................................3

15 U.S.C. § 1681a(k)(1)(B)(iv) ..................................................................3

15 U.S.C. § 1681b(b)(3) ............................................................................3

15 U.S.C. § 1681e(b) ...........................................................................2, 12

15 U.S.C. § 1681i ................................................................................2, 12

15 U.S.C. § 1681n ...............................................................................2, 6

15 U.S.C. § 1681o .......................................................................3, 7, 15, 16

15 U.S.C. § 1681p ...................................................................................13

## RULES

Fed. R. Civ. P. 23(b)(3) ..........................................................................3, 9

## OTHER AUTHORITIES

7AA Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard Marcus, Federal
    Practice & Procedure § 1782 (3d ed. 2005) ..............................................8

## I.    <u>INTRODUCTION</u>

Plaintiffs' Amended Complaint asserts untimely new causes of action and improperly seeks class-wide relief in Count I, where Plaintiffs allege that LexisNexis Screening Solutions Inc. ("LexisNexis") negligently violated the Fair Credit Reporting Act.[1]  Because the Court dismissed with prejudice Plaintiffs' statutory damages claim in connection with Count I, Plaintiffs now are pursuing an actual damages negligence claim in Count I on a class-wide basis. An actual damages negligence claim presents highly individualized issues that are not susceptible to class treatment – and Plaintiffs' counsel have acknowledged as much in their prior cases.  Plaintiffs' theory is even weaker in this case because Plaintiffs ask the Court to certify lost wages claims involving more than one hundred different non-party employers.  This strategy is implausible and lacks any legal support.  The Court accordingly should exercise its authority to strike Plaintiffs' class allegations and avoid the waste of significant resources associated with class certification discovery, briefing and a hearing.

Furthermore, Plaintiffs' new claims are untimely.  Plaintiffs had all of the information needed to assert their three new claims when the original Complaint was filed in May, 2011. However, Plaintiffs chose to structure the original Complaint to seek only statutory and punitive damages pursuant to 15 U.S.C. § 1681n because it is impossible to certify a FCRA actual damages class.  It was only after the Court dismissed Plaintiffs' statutory damages claim in Count I that Plaintiffs decided to assert a negligence/actual damages claim and allegations in Count I, as well as two new individual claims for violations of 15 U.S.C. § 1681e(b) and 15

---

[1]    Plaintiffs have improperly named LexisNexis Risk & Information Analytics Group, Inc. as the defendant. LexisNexis Screening Solutions Inc. is the real party in interest with respect to Plaintiffs' claims.

U.S.C. § 1681i.  Plaintiffs waited until April 23, 2012, almost one year after filing the original

Complaint, to assert these claims and they should be dismissed.

## II.    ARGUMENT

### A.    This Court Should Strike All Class Allegations Related to Plaintiffs' Adverse Action Claim (Count I).

The Court does not need class briefing or a hearing to reject the class allegations related

to Count I of the Amended Complaint.  Where it is apparent from the allegations in the

complaint that a class action cannot be maintained, a court may exercise its authority to strike

class allegations immediately.  *See Thompson v. Merck & Co., Inc.*, Nos. 01-1004, 01-1328, 01-

3011, 01-6029, 02-1196, 02-4176, 2004 U.S. Dist. LEXIS 540, at *8 (E.D. Pa. Jan. 6, 2004)

(granting defendant's motion to strike class allegations where it was clear from the complaint

that the proposed class action could not be maintained); *see also Sanders v. Apple Inc.*, 672 F.

Supp. 2d 978, 990 (N.D. Cal. 2009) (citing *Thompson* and granting motion to strike class

allegations before discovery).  Here this Court should strike Plaintiffs' class allegations with

respect to Count I.

In Count I, Plaintiffs seek certification under Rule 23(b)(3) of a so-called "Pre-Adverse

Action Sub-Class" for actual damages pursuant to 15 U.S.C. § 1681o in connection with

LexisNexis' purported negligent violation of FCRA's pre-adverse action notice requirements.

*See* 15 U.S.C. § 1681b(b)(3); 15 U.S.C. § 1681a(k)(1)(B)(ii); 15 U.S.C. § 1681a(k)(1)(B)(iv);

Compl., ¶¶ 112, 119, 125.  According to the Amended Complaint, LexisNexis "was negligent in

designing and operating a system" in which "adjudications" are conducted "in advance of any

Pre-Adverse Action Notice being sent to the consumer subject of the report."  Compl., ¶ 123.

Plaintiffs assert that a class action is a superior method of resolving the negligence claims for

actual damages of all of the absent class members. Compl., ¶ 112 (citing Fed. R. Civ. P. 23(b)(3)).

A class action may only be maintained under Rule 23(b)(3) where "the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Where individual issues predominate, "(b)(3) certification is precluded." *Thompson*, 2004 U.S. Dist. LEXIS 540, at *14. Plaintiffs cannot satisfy Rule 23(b)(3) with respect to the adverse action claim.

      **1.**    **Plaintiffs Cannot Satisfy the Requirements of Rule 23(b)(3) as to the Pre-Adverse Action Sub-Class Because Individual Issues Predominate.**

There is no precedent for certification of a FCRA § 1681o actual damages class. In fact, two judges from this District have spoken against any attempt to do so. As explained by Judge Brody, in litigation involving Plaintiffs' counsel, "[i]f the plaintiff were required to pursue actual damages in this case, individual damages issues would quickly overwhelm the common questions and the suit would become unmanageable and uncertifiable." *Chakejian v. Equifax Info. Serv. LLC*, 256 F.R.D. 492, 499 (E.D. Pa. 2009) (emphasis added).

*Harper v. Trans Union, LLC*, No. 04-3510, 2006 U.S. Dist. LEXIS 91813 (E.D. Pa. Dec. 20, 2006), another case involving Plaintiffs' counsel, goes even further than *Chakejian*. *Harper* considered the exact same argument made by Plaintiffs – that a single trial could be held on liability issues only – and rejected the idea.

In *Harper*, the plaintiff sought actual damages for the defendant's alleged FCRA violation. Just as this case, Plaintiffs' counsel tried to argue that the litigation and a trial could be focused on liability only, with individual damages issues left to be decided at a later date.

After considering the same arguments which Plaintiffs make now, Judge O'Neill denied

the plaintiffs' motion for class certification because of the myriad problems of proof involved in

resolving the putative class members' claims:

> At oral argument, plaintiff conceded that individual factual inquiries into damages will be required for those class members choosing to pursue actual damages. For this reason, plaintiff argues that the major focus of litigation will be the defendants' conduct vis-à-vis their duty under the FCRA and defendants' resultant degree of liability. ... Plaintiff must also establish that the credit reports at issue included inaccurate information, the individual consumers suffered injuries, and the individual consumers' injuries were caused by the inclusion of the inaccuracies.
>
> At trial, proof of these three additional elements, though traceable to defendants' conduct and policies, will require highly individualized proofs as to the injuries suffered by the putative class members ....
>
> In effect, by asserting that individualized inquiries are not necessary and that common questions predominate, plaintiff Harper asks me to read a strict liability standard into §1681e(b). I refuse to hold that a willful and/or negligent violation of the FCRA exposes CRAs to liability with no factual inquiry into whether the absent class members were injured by the violation. At the very least, plaintiff would have to canvass the records of each member of the putative class to determine the nature of injury, if any, sustained....
>
> Plaintiff's proposed trial plan provides for a single trial on liability.... I find that such a plan is untenable under the liability analysis required by §1681e(b). Plaintiff's claim may be typical of the absent class members' in that all claims arise from the same conduct, but due to the highly individualized proofs required I find that common questions do not predominate in this case.

*Harper*, 2006 U.S. Dist. LEXIS, at *23-*26 (emphasis added).   The Court's unambiguous

holdings speak for themselves.  Although *Harper* dealt with a FCRA § 1681e(b) claim (and

admittedly was decided after briefing on class certification), Judge O'Neill's reasoning applies

with even greater force here considering the complex, highly individualized relief – lost wages

claims by every class member requiring extensive discovery and probably testimony from more

than 100 different non-party employers - sought here.

- 4 -

This Court is not alone in finding that a FCRA actual damages class presents too many problems of proof and thus is unsuitable for class certification. In *Clark v. Experian Info. Solutions, Inc.*, No. 8:00-1217-24, No. 8:00-1218-24, No. 8:00-1219-24, 2001 U.S. Dist. LEXIS 20024, at *12 (D.S.C. Mar. 19, 2001), the court specifically noted that the plaintiff had conceded that "claims for actual damages under the FCRA are not suitable for class treatment." Similarly, in *Legge v. Nextel Communications, Inc.*, No. CV 02-8676 DSF, 2004 U.S. Dist. LEXIS 30333, at *28 (C.D. Cal. June 25, 2004), the court refused to certify an FCRA actual damages class because damages were not uniform. And in *Barnett v. Experian Info. Solutions, Inc.*, No. 2:00CV174, 2004 U.S. Dist. LEXIS 28855, at *16-*17 (E.D. Tex. Sept. 30, 2004), the court reached the same result because the defendant's interaction with individual consumers was relevant to its defense.

Last but not certainly least is *Williams v. Telespectrum, Inc.*, No. 3:05-cv-853, 2007 U.S. Dist. LEXIS 78415 (E.D. Va. June 1, 2007), another case involving Plaintiffs' counsel. As with Count I in this case, plaintiffs in *Williams* sought certification of a FCRA claim premised on an alleged violation of the FCRA's pre-adverse action notice rules. Specifically, the plaintiffs sought certification of a class consisting of 38 individuals who were fired after Telespectrum obtained criminal records from a consumer reporting agency (the consumer reporting agency was not a defendant) and provided the records to an employer which then fired the workers based on the report. *Id.* at *3. The plaintiffs asserted claims pursuant to both § 1681o and § 1681n.

Recognizing that certification of a FCRA actual damages class was not possible, the *Williams* case plaintiffs did not even bother to try to seek certification of a § 1681o actual damages class. *Id.* at *8. Instead, they only sought certification of statutory and punitive damages under § 1681n. *Id.* But, not satisfied with statutory damages, the *Williams* plaintiffs

sought to support their punitive damages claim through introduction of evidence of each class member's alleged actual damages resulting from their loss of employment and offered to submit to the court a table showing each of the 38 class member's lost wages. *Id.* at *14. The plaintiffs also told the court that "actual damages [would be] calculated in subsequent individual litigation." *Id.* at *17.

Given the manner of proof, the court refused to certify the class because "individual issues predominate in this action." *Id.* at *23. The court reached this result even though the class did <u>not</u> seek actual damages. In reaching that result, the court rejected the exact trial plan envisioned by Plaintiffs here – a single trial to deal with liability and separate proceedings involving actual damages – and did so with a class of only 38 class members, all of whom worked for the same employer. The varied issues presented, including the re-hiring of at least one class member, prevented certification. The same result should follow for the same reasons.

### 2. Plaintiffs Must Prove Causation and Actual Harm to Recover Under § 1681o.

Just like the plaintiff in *Harper*, Plaintiffs ignore the fact that they are required to establish causation and injury to recover actual damages. Section 1681o provides, in relevant part, that "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-- (1) any actual damages sustained by the consumer as a result of the failure ...." This provision is fundamentally different from 15 U.S.C. § 1681n, which provides in relevant part that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-- (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 ...." Unlike in a § 1681n claim, a plaintiff seeking

- 6 -

relief under § 1681o must prove a negligent violation of the FCRA and that he or she has suffered "actual damages .... as a result of the failure" to comply with the FCRA.  15 U.S.C. § 1681o (emphasis added).

Given this controlling statutory language, it is well-established that causation and damages are essential elements under § 1681o.  *See Gagliardi v. Equifax Info. Services, LLC*, No. 09-1612, 2011 U.S. Dist. LEXIS 10634, at *39 (W.D. Pa. Feb. 3, 2011) ("A plaintiff cannot obtain an award of 'actual damages' under the FCRA without establishing a causal relationship between a statutory violation and the harm for which redress is sought"); *Kaplan v. Experian, Inc.*, No. 09-10047, 2010 U.S. Dist. LEXIS 60098, at *8-*9 (E.D. Mich. May 26, 2010) (holding that "under § 1681o, proof of actual damages is an essential element of a negligence claim" and that "in order to pursue [a] FCRA claim against [defendant] under § 1681o, [plaintiff] must establish that he incurred actual damages that were caused by [defendant's] violation"); *Ruffin-Thompkins v. Experian Info.  Solutions, Inc.*, 422 F.3d 603, 610 (7th Cir. 2005) (emphasizing that "[t]he FCRA does not presume damages ... the consumer must affirmatively prove that she is entitled to damages").  *See also Duncan v. Northwest Airlines, Inc.*, 203 F.R.D. 601, 612 n.12 (W.D. Wash. 2001) (concluding, in personal injury class action case where plaintiff sought damages in negligence, that negligence "requires an individualized examination of causation and proof of present injury" and declining to bifurcate trial with liability in first phase and individual issues of injury in second phase on the grounds that "[i]ndividual issues of injury and causation must be tried to determine liability"); 7AA Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard Marcus, *Federal Practice & Procedure* § 1782 (3d ed. 2005) ("[T]o the extent that different injuries are alleged to have occurred over different periods of time, it is difficult to show that common issues predominate and that a class action would be superior").

Thus, issues of causation and damages cannot be severed from a liability determination for the reasons explained by Judge O'Neill in *Harper*. And, given that these issues indisputably require individualized proof, class certification is not possible and the class claims in Count I should be stricken.

### 3. Plaintiffs' "Liability Only" Proposal Is Unworkable.

In an attempt to overcome the unsuitability for class certification, Plaintiffs cast the "Pre-Adverse Action Sub-Class" as a liability-only class. Specifically, they "seek a class-wide determination that Defendant negligently violated 15 U.S.C. § 1681b(b)(3)(A), and, following that class wide determination, the opportunity for individuals to seek actual damages for any job losses and other harms caused by Defendants' negligence … pursuant to 15 U.S.C. § 1681o." Compl., ¶ 125. The same argument was unsuccessful in *Harper* and *Williams*, and should be rejected here for the same reasons. As in *Harper*, the liability only proposal does not eliminate the need for individualized proof and this Court likewise should refuse to hold that a negligent violation of the FCRA exposes LexisNexis "to liability with no factual inquiry into whether the absent class members were injured by the violation." *Harper*, 2006 U.S. Dist. LEXIS, at *23-*26.

Plaintiffs reliance on *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D. Ill. 2009), *aff'd*, 606 F.3d 391 (7th Cir. 2010), does not withstand analysis. *Saltzman* was not a FCRA case and is easily distinguished. *Saltzman* was a consumer fraud class action case involving allegations that aluminum-clad wood windows had a design defect that allowed water to seep in and cause wood rot. *Id.* at 392. The Seventh Circuit affirmed the district court's decision to certify two classes, including a multi-state consumer fraud class under Fed. R. Civ. P. 23(b)(3) on the issue of liability only consisting of individuals whose windows had a manifest defect, with causation and

damages to be addressed individually. *Id.* at 392-93, 396. The *Saltzman* court approved a trial plan whereby, if the class prevailed on liability, class members seeking relief would "file a claim with Pella for service ... [that] does not appear to be any different than the process by which an owner would file a claim with Pella under a warranty." *Id* at 395. A straight-forward, warranty claim is far different than individual resolution of thousands of factually unique claims for lost wages.

For that matter, the district court in *Saltzman* <u>refused</u> to certify an unjust enrichment class through which the class sought to recover "the price paid by the consumer for the window, minus the diminished value of the window" because "[t]his value is simply too difficult to quantify, especially on a class-wide basis. ... <u>This determination is too difficult to standardize fairly, and individualized issues would certainly dominate</u>." *Saltzman*, 257 F.R.D. at 487. Once the damages calculation became any more complex than the review of the sort of warranty claim that Pella handled every day outside of litigation, the court rejected certification because of individualized issues.

Unlike in *Saltzman*, the liability determination in this case cannot be severed from the causation and damages determinations because causation and damages are essential elements of a negligence claim under § 1681o. The Court essentially would have to read a strict liability standard into the FCRA adverse action provision, which would effectively render the causation and damages components of § 1681o meaningless. The court in *Harper* would not rewrite the FCRA for that purpose and this Court should decline to do so also.

Plaintiffs' proposed class is much more analogous to the one in *Gates v. Rohm & Haas Co.*, 265 F.R.D. 208 (E.D. Pa. 2010), *aff'd*, 655 F.3d 255 (3d Cir. 2011). In *Gates*, which in part involved property damages claims, the plaintiffs also asked the Court to certify a liability-only

- 9 -

class. *Id.* at 232. The court refused, and the Third Circuit affirmed, because causation and

calculation of damages for each property was impossible to accomplish through class action

litigation:

> On balance, the Court finds that common issues do not predominate as to Plaintiffs' property damage claims. Although many aspects of Plaintiffs' claims may be common questions, the parties agree that resolution of those questions leaves significant and complex questions unanswered, including questions relating to causation of contamination, extent of contamination, fact of damages, and amount of damages. <u>Although Plaintiffs invite the Court to "carve[] at the joints" of their property claims to resolve certain common issues in a class proceeding and leave claimant-specific issues to individual follow-on proceedings, this Court, mindful of the admonition that it is to consider the claims as a whole and not to "manufacture predominance through the nimble use" of such carving, declines to do so here.</u>

*Id.* at 233-34 (internal citations omitted) (emphasis added). The Third Circuit completely

agreed: "The trial court did not abuse its discretion by declining to certify a liability-only class

when it found liability inseverable from other issues that would be left for follow-up

proceedings. Nor did the court err in finding no marked division between damages and

liability." *Gates*, 655 F.3d at 274.

Here, Plaintiffs propose that the Court determine actual damages associated with lost

wages and lost job opportunities on a class member by class member basis, ignoring that

individualized proof will be required to determine: whether a class member did not get a job

because of Esteem; how long each class member was allegedly out of work; whether the class

member did not get or accept the job for reasons unrelated to the Esteem report; and whether the

class member immediately found work at some other employer. In short, it would be impossible

for the Court to determine on a class-wide basis whether each adjudication <u>was</u> the cause of any

compensable employment loss without delving into the facts of each consumer's application.

Therefore, the same "significant and complex" concerns that led the *Gates* court to deny certification of a liability-only class are present here.

Plaintiffs also suggest that the Court should make an individual damages determination for every class member using "employer pay-rate tables and a claims process." Compl., ¶ 112. These allegations create the false impression that determining actual damages is a simple, mechanical process involving a quick review of "employer pay-rate tables." On this issue, Plaintiffs ignore that their claims ostensibly implicate job losses associated with more than 100 different employers, various different job classifications, hundreds, if not thousands, of job locations and, numerous other market and regional factors.

The extensive actual damages sought by the named Plaintiffs illustrate the complexity that would be involved in any damages assessment. Although Plaintiffs, for tactical reasons, sought only $100 to $1,000 each in the original Complaint, they now seek extensive actual damages, including damages for emotional distress. Goode alleges the right to recover actual damages associated with not receiving an offer for "a job for which she had been approved" and further alleges that she should be compensated because "she was denied other job opportunities" with some or many of the "hundreds" of employers which purchase Esteem reports. Compl., ¶ 74. Thus, for Goode, the fact-finder will be required to evaluate losses allegedly suffered as a result of allegedly not getting multiple jobs (potentially "hundreds") due to Esteem.

Goodman's actual damages are also allegedly extensive and implicate an entirely unique and different set of facts. Goodman claims that her losses include the pay differential associated with being a cashier rather than an assistant manager at Rite Aid. She claims she is entitled to compensation for the "lost years of the differential between the cashier and supervisor pay grades." Compl., ¶ 105. Therefore, to determine her damages, the fact-finder will need to

evaluate the difference between the wages associated with different job categories.  Performing

such calculations on a class-wide basis for claims involving multiple employers is far-fetched

and impractical.

For all of these reasons, the Court should strike the class allegations as to the Pre-Adverse

Action Sub-Class (Count I).

**B.      Counts I, III and IV Should Be Dismissed As Untimely.**

**1.      FCRA's Two-Year Statute of Limitations Has Run With Respect to
          Counts I, III and IV.**

According to the Complaint, all facts relevant to all of Plaintiffs' claims took place

during 2009.  In Count I, Goode alleges that LexisNexis negligently violated FCRA's Pre-

Adverse Action Notice requirements on or around May 7, 2009, the date that LexisNexis

provided an Esteem report to Family Dollar.  Compl., ¶ 67.  Goodman alleges that LexisNexis

violated the same FCRA provisions on or around November 18, 2009 when it allegedly provided

an Esteem report to Rite Aid.  Compl., ¶ 88.

In Count III, Goode and Goodman allege that LexisNexis willfully and negligently

violated 15 U.S.C. § 1681e(b) by failing to follow to procedures which assured maximum

possible accuracy in connection with the provision of their Esteem reports to the employees in

2009.  Plaintiffs received their Esteem reports in 2009 and had knowledge then that the

information being reported was, according to Plaintiffs, inaccurate.

In Count IV, Plaintiffs allege that LexisNexis willfully and negligently violated 15 U.S.C.

§ 1681i due to LexisNexis' purported failure to conduct a reasonable reinvestigation after

Plaintiffs disputed the accuracy of their Esteem reports.  LexisNexis sent a letter to Goode dated

August 6, 2009 reflecting that it had completed its reinvestigation request and verified the facts

contained in the Esteem report.  Compl., ¶ 70.  LexisNexis sent a letter to Goodman dated

December 21, 2009 reflecting that it had completed its reinvestigation request and verified the facts contained in the Esteem report.  Compl., ¶ 101.  Accordingly, the allegedly inadequate investigations took place and Plaintiffs had notice thereof in 2009.

Each of the above-referenced claims was not asserted until the Amended Complaint was filed on April 23, 2012, more than two years after the events in question occurred and were discovered by Plaintiffs.  As a result, the claims are time-barred by the two-year statute of limitations contained in 15 U.S.C. § 1681p.

### 2.    Counts I, III and IV Do Not Relate Back to the Original Complaint.

Plaintiffs will try to avoid the dismissal by arguing that these claims relate back to the date of the original Complaint.  Rule 15(c)(1)(B) provides that an amendment to a pleading "relates back to the date of the original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).  "[A]pplication of Rule 15(c) involves a search for a common core of operative facts in the two pleadings." *Id.*

As a result:  "Where, in an amended complaint, a plaintiff brings a new claim based on factual allegations not included in the original complaint, the amendment will not relate back to the original pleading." *Abraham v. DiGugleilmo*, No. 06-0058, 2010 U.S. Dist. LEXIS 51941, at *42 (E.D. Pa. May 25, 2010) (citing *Burgos v. Phila. Prison Health Sys.*, No. 08-1179, 2009 U.S. Dist. LEXIS 77008, at *2 n.5 (E.D. Pa. Aug. 26, 2009)); *Faust v. RCA Corp.*, 612 F. Supp. 540, 543 (M.D. Pa. 1985) (for a claim to relate back, the operative facts must have "been brought to the defendant's attention by the original pleading").  Concomitantly, if the amended pleading contains claims which implicate a different "factual situation," courts refuse to find that the

claims relate back pursuant to Rule 15(c).  *See Abraham*, 2010 U.S. Dist. LEXIS at *41 (denying

argument that new claims related back to original complaint); *Underwood v. La Salle Univ.*, No.

07-1441, 2007 U.S. Dist. LEXIS 88959, at *15 (E.D. Pa. Dec. 3, 2007) (finding that claims did

not relate back); *Compuwill Express, Inc. v. ATX Telecommunications Serv., Ltd.*, No. 96-2462,

2000 U.S. Dist. LEXIS 7303, at *17-*20 (E.D. Pa. May 31, 2000) (same).

Furthermore, if a litigant has specifically disclaimed claims in its original pleading for

tactical reasons, the court should not permit the litigant to "change course" and use Rule 15(c) to

assert claims which were specifically disclaimed in the original pleading.  In *In re: Asbestos*

*Products Liab. Litig.*, No. 07-63839, 2009 U.S. Dist. LEXIS 68254 (E.D. Pa. Aug. 5, 2009), the

plaintiff originally disclaimed any claims related to injuries stemming from asbestos exposure

which might be governed by federal law in a failed effort to support a motion to remand the case

to state court.  After the motion to remand was denied, the plaintiff sought to amend the

complaint to assert claims that would have implicated federal issues.

The Court held that "[w]e are unable to accept that Plaintiff can, on the one hand make a

tactical decision to disclaim any cause of action for injury which occurred on a federal enclave in

her Initial Complaint, confirm that disclaimer in her memorandum supporting her motion for

remand, and then shift course completely and claim that the cause of action for injury in the

federal enclave asserted in the Amended Complaint in fact arose out of the same 'conduct,

transaction, or occurrence set out' in the first.  The argument strains credulity.  We are unable to

accept it."[2]   *Id.* at *23-*24 (emphasis added).

---

[2]     There are numerous cases in other contexts where courts have found that equitable tolling and relation back
rules do not apply when the new cause of action "requires pleading new and different facts" because "the earlier-
filed action does not give the defendant notice of the new claim." *Stichting Pensioenfonds. ABP v. Countrywide
Fin. Corp.*, 802 F. Supp. 2d 1125, 1133 (C.D. Cal. 2011) (citing numerous cases including *Lindner Dividend Fun,*
Continued on following page

Plaintiffs cannot contest that they elected to not plead a § 1681o claim in their original Complaint because they did not want to plead a claim that cannot be certified. Instead of seeking – and trying to plead – negligence, causation and actual damages, Plaintiffs sought $100 to $1,000 for themselves and each member of the putative class. Plaintiffs deliberately decided to forego the actual damages which they now claim are substantial so that they could seek potential class-wide relief. Plaintiffs went so far as to say in their Complaint that "[i]t would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them" unless they could bring a class-wide claim. Original Compl., ¶ 102. For that matter, Plaintiffs' original strategy of deliberately avoiding allegations of actual harm remains firmly in place in Count II, where Plaintiffs still intentionally forego all claims and allegations of actual damages for the sake of asserting a claim that can potentially be certified. *See* Compl., ¶ 132. The three new claims that Plaintiffs now assert "were specifically, knowingly, and purposefully waived" in the original Complaint for tactical reasons, and the Court's Rule 15(c) analysis should be informed by this intentional strategic decision. *Asbestos Products Liab. Litig.*, 2009 U.S. Dist. LEXIS 68254, at *27-*28.

> **a.   Count I Does Not Relate Back Because Plaintiffs Are Relying on a Different Factual Predicate To Prove Causation and Actual Damages and Because Plaintiffs Made A Strategic Choice To Not Assert The Claim.**

As shown above, 15 U.S.C. § 1681o requires a plaintiff to prove a negligent violation of the FCRA and that she has suffered "actual damages .... as a result of the failure" to comply with the FCRA. 15 U.S.C. § 1681o. To try to state a claim in Count I as amended, Plaintiffs have

---

Continued from previous page

*Inc. v. Ernest & Young*, 880 F. Supp. 49, 54-55 (D. Mass. 1995)). Here, each of Plaintiffs' new claims requires new and different facts to be pled.

added numerous new factual allegations to the Amended Complaint because they need to plead additional allegations to state a claim.

Plaintiffs allege, as they must to state a claim, new facts in support of their new theory of recovery. To try to support their negligence argument, Plaintiffs allege for the first time that "[i]n accordance with the discretion provided by Defendant to its members, Forman Mills did not disclose to Plaintiff that it was submitting information about her into a nationwide employment database ...." Compl., ¶ 58. Goodman asserts an identical allegation with respect to Dollar General. Compl., ¶ 81. These allegations have been added to make an argument that LexisNexis negligently affords contributing members with excessive discretion with respect to what they tell consumers about Esteem.

Goode and Goodman also allege for the first time that they were conditionally (Goode) hired and conditionally designated for promotion (Goodman) until Family Dollar and Rite Aid respectively obtained Esteem reports from LexisNexis. Goode alleges that "Family Dollar Stores had decided to hire Plaintiff, conditioned on her passing an employment background screening conducted by ChoicePoint" (Compl., ¶ 61), and Goodman claims that "Rite Aid had already decided to promote Plaintiff Goodman" subject to completion of a background check using Esteem. Compl., ¶ 88. Goode also claims that she "not only lost a job for which she had been approved, she was denied other job opportunities with any of the hundred of employers who contract with Defendant ...." Compl., ¶ 74.

The original Complaint did not place LexisNexis on notice of these additional facts which Plaintiffs now believe are essential to a claim under § 1681o in Count I. As a result, the claim does not relate back pursuant to Rule 15(c).

      **b.**      **Counts III and IV Do Not Relate Back Because Plaintiffs Are Relying on Different Operative Facts in Support of These Claims.**

Counts III and IV also do not relate back to the original Complaint.  With respect to Plaintiffs' new claim (Count III) pursuant to FCRA § 1681e(b) that LexisNexis failed to adopt procedures that would ensure the accuracy of their Esteem reports, Plaintiffs allege numerous facts that were not in the original Complaint.

Plaintiffs claim that "[t]he inaccuracy of these two [Esteem] reports was due to Defendant's failure to follow reasonable procedures designed to assure maximum possible accuracy" (Compl., ¶ 136) and go on to cite numerous examples of LexisNexis' allegedly deficient procedures in paragraphs 136 through 148 of the Amended Complaint.  As made apparent by the detailed allegations therein, Plaintiffs clearly believed that they need to assert substantial additional facts to support a § 1681e(b) claim.  For example, Plaintiffs allege for the first time that "Defendant has few policies and procedures governing employer practices regarding the form, content and quality of contributed admission statements," that LexisNexis' procedures do not adequately define "theft" and that "there is a large risk of inaccurate and/or incomplete theft reports being made by Defendant."  Compl., ¶ 137.  Plaintiffs also allege for the first time that LexisNexis does not require that an "express admission" be contained in the VAS.  Compl., ¶ 139.  Plaintiffs also allege for the first time that LexisNexis' procedures are inadequate because they allegedly only require that the VAS be "verified" once.  Compl., ¶ 145.  LexisNexis was not on notice of these specific contentions when the original Complaint was filed, and they are not germane to Plaintiffs' two original claims.

Plaintiffs' claim in Count IV that LexisNexis failed to conduct a reasonable investigation also brings a new set of factual contentions into this case.  In the Amended Complaint, Plaintiffs

for the first time plead that LexisNexis' dispute resolution process "disregards the gravity of the reinvestigation obligation." Compl., ¶ 153. Plaintiffs also allege for the first time that when a dispute is made, all "ambiguities" are resolved in favor of the employer. Compl., ¶ 153. The same goes for their allegations that LexisNexis uses a "standard form called a 'Disputed Accuracy by Consumer' form" to resolve disputes and that for various reasons the form is inadequate. Compl., ¶ 153.

These factual allegations, all of which were available to Plaintiffs when the original Complaint was filed, raise new issues not implicated in the original Complaint.[3] They also will require additional discovery related to processes and procedures completely distinct from those at issue in Counts I and II. They also may implicate different personnel at LexisNexis. Plaintiffs could have amended their Complaint as of right after LexisNexis' motion to dismiss was filed to assert these claims or sought relief to file an amended complaint before the statute of limitations ran. Plaintiffs, who have been represented by counsel for more than two years, could have brought Counts III and IV in the original Complaint.

Like any litigant, LexisNexis should not be deprived of its right to assert a statute of limitations defense when claims were knowingly not asserted until after the statute of limitations has run. "Statutes of limitations are not 'simply technicalities,' but rather are 'fundamental to a well-ordered judicial system.'" *Abraham*, 2010 U.S. Dist. LEXIS 51941, at *43 (citation omitted). Plaintiffs' § 1681e(b) and § 1681i claims do not relate back to the original Complaint

---

[3]      Contrary to Plaintiffs' suggestion in their Amended Complaint, the facts in support of Plaintiffs' new claims were not discovered by Plaintiffs and counsel as a result of LexisNexis' voluntarily production of each VAS after litigation was filed. The Esteem reports received by Plaintiffs in 2009 told Plaintiffs exactly what was being reported to Family Dollar and Rite Aid and Plaintiffs were told that LexisNexis had completed its investigation of each Plaintiff's dispute by the end of 2009. Plaintiffs indisputably knew that the Esteem reports contained allegedly inaccurate information about their respective theft incidents when they received the Esteem reports in 2009.

and are time-barred on the face of the Complaint.  "To hold otherwise … would be to derogate the purpose and effect of the statute of limitations."  *Id.*

## III.   <u>CONCLUSION</u>

For all of the reasons set forth herein, Counts I, III and IV should be dismissed with prejudice.  Alternatively, if the Court allows Count I to proceed, the Court should strike all class allegations relating to Count I.

Respectfully submitted,


/s/ Andrew Soven
Abraham J. Colman
Andrew J. Soven
Mark S. Melodia
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

Dated: May 7, 2012