IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and VICTORIA GOODMAN, on behalf of themselves And others similarly situated,<br><br>               Plaintiffs,<br>v.<br><br>LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC.,<br><br>               Defendant. | CIVIL ACTION<br>No. 11-2950 |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT LEXISNEXIS SCREENING SOLUTIONS INC.'S MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS COUNTS I, III AND IV OF THE AMENDED COMPLAINT**

Abraham J. Colman
Andrew J. Soven
Mark S. Melodia
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

## TABLE OF CONTENTS

|      |                                                                                           | Page |
|------|-------------------------------------------------------------------------------------------|-----:|
| I.   | INTRODUCTION                                                                              | 1    |
| II.  | ARGUMENT                                                                                  | 2    |
|      | A.   The Court Can And Should Strike Plaintiff's Class Allegations In Count I.            | 2    |
|      | B.   Plaintiff's New Claims Do Not Relate Back To The Original Complaint.                 | 5    |
| III. | CONCLUSION                                                                                | 9    |

# TABLE OF AUTHORITIES

<u>Page</u>

## CASES

*Bontempo v. Wolpoff & Ambramson, L.L.P.*,
   No. 06-745, 2007 WL 3174050 (W.D. Pa. Oct. 29, 2007) .................................................. 8, 9

*Chakejian v. Equifax Info. Serv. LLC*,
   256 F.R.D. 492 (E.D. Pa. 2009) ............................................................................................. 4

*Clark v. Experian Info. Solutions, Inc.*,
   C.A. 8:00-1217-24, 2002 U.S. Dist. LEXIS 20410 (D.S.C. June 26, 2002) ............................ 5

*Clark v. Experian Info. Solutions, Inc.*,
   No. 8:00-1217-24, No. 8:00-1218-24, No. 8:00-1219-24, 2001 U.S. Dist. LEXIS 20024
   (D.S.C. Mar. 19, 2001) ........................................................................................................... 5

*Cliff v. Payco Gen. Am. Credits, Inc.*,
   363 F.3d 1113n.16 (11th Cir. 2004) .................................................................................... 5, 8

*Dalton v. Providian National Bank*,
   No. 3:06-cv-2309, 2007 U.S. Dist. LEXIS 40557 (N.D. Ohio June 4, 2007) ......................... 7

*Farber v. General Electric Co.*,
   No. 93-2349, 1994 U.S. Dist. LEXIS 1578 (E.D. Pa. Feb. 16, 1994) ..................................... 8

*Gagliardi v. Equifax Info. Services, LLC*,
   No. 09-1612, 2011 U.S. Dist. LEXIS 10634 (W.D. Pa. Feb. 3, 2011) .................................... 6

*Harper v. Trans Union, LLC*,
   No. 04-3510, 2006 U.S. Dist. LEXIS 91813 (E.D. Pa. Dec. 20, 2006) .................................. 4

*In re Diet Drugs Products Liab. Litig.*,
   431 F.3d 141 (3d Cir. 2005) .................................................................................................... 3

*In re Hydrogen Peroxide Antitrust Litig.*,
   552 F.3d 305 (3d Cir. 2008) .................................................................................................... 3

*In re School Asbestos Litig.*,
   789 F.2d 996 (3d Cir. 1986) .................................................................................................... 3

*In re: Asbestos Products Liab. Litig.*,
   No. 07-63839, 2009 U.S. Dist. LEXIS 68254 (E.D. Pa. Aug. 5, 2009) .................................. 5

*Kaplan v. Experian, Inc.*,
   No. 09-10047, 2010 U.S. Dist. LEXIS 60098, at *8-*9 (E.D. Mich. May 26, 2010) .............. 6

*P.V. v. Valentin*,
   No. 2:11-cv-04027, 2011 U.S. Dist. LEXIS 125370 (E.D. Pa. Oct. 31, 2011) .................... 3, 4

*Santos v. United States*,
   559 F.3d 189 (3d Cir. 2009) .................................................................................................... 9

*Spicer v. Villanova University*,
   No. 06-1411, 2006 U.S. Dist. LEXIS 87141 (E.D. Pa. Dec. 1, 2006) ........................................8

*Sullivan v. DB Investments, Inc.*,
   667 F.3d 273(3d Cir. 2011), cert. denied, 132 S. Ct. 1876 (2012)................................................2

*West v. CUNA Mut. Ins. Soc.*,
   No. 11-1259, 2012 U.S. Dist. LEXIS 19512 (W.D. Pa. Feb. 16, 2012) ......................................2

I.   **INTRODUCTION**

   Plaintiffs hope to convince the Court that the parties should spend thousands of dollars and hundreds of attorney hours taking discovery, briefing a class certification motion and conducting a hearing on a claim that never can be certified. If Count I is not time-barred, Plaintiffs and the putative class can only recover actual damages, which in this case consist of alleged lost wages and emotional distress damages for each class member in connection with LexisNexis Screening Solutions Inc.'s ("LexisNexis") alleged violation of the pre-adverse action notice provisions of the Fair Credit Reporting Act ("FCRA"). As shown in LexisNexis' opening Brief, identical efforts to certify FCRA actual damages claims repeatedly have failed in this Court and elsewhere. The same result should follow here for the same reasons.

   No amount of discovery or briefing will make the highly-individualized causation and damages issues raised by Count I appropriate for class certification. Although Plaintiffs insist that discovery is needed to determine whether a Count I class can be certified, Plaintiffs never say why discovery directed to LexisNexis might allow them to overcome the barriers to certification identified in the numerous FCRA cases where class certification of similar claims was rejected. LexisNexis, as a provider of Esteem background reports to more than 100 employers nationwide, has no information related to the myriad causation and damages issues for each putative class member (*e.g.*, Was the class member's alleged job loss or lost promotion attributable to an Esteem report or due to some other cause? What factors, in conjunction with Esteem reports, does each employer consider when making employment decisions? For how long was the class member out of work? How should back pay and/or front pay be calculated for each class member? Would the class member have quit or lost the job at some point even if he or she had been hired or promoted? Did the class member mitigate potential damages and look for or find a job elsewhere? Etc., etc., etc.). Discovery directed to LexisNexis in aid of class

certification will not overcome these barriers to certification; it will simply add materially to the costs incurred with no possible change in the result. If the Court does not dismiss Count I outright, the class action allegations in Count I are ripe for immediate dismissal.

On the merits, Plaintiffs do not dispute that Counts I, III, and IV are time-barred unless they relate back to the original complaint and these Counts manifestly do not. Plaintiffs also do not contest that the original Complaint, as pled, was the product of a tactical decision to avoid individualized issues which cannot be certified. Either way, this is not a case where Plaintiffs merely are amplifying prior allegations or prior allegations as a new legal theory. Rather, Plaintiffs have brought new claims based on a substantial number of factual allegations not included in the original Complaint. Accordingly, Counts I, III, and IV do not relate back and should be dismissed as time-barred.

## II. ARGUMENT

### A. The Court Can And Should Strike Plaintiff's Class Allegations In Count I.

Where the Complaint's allegations make it clear that the requirements for maintaining a class action cannot be met, the class allegations should be stricken or dismissed. *See West v. CUNA Mut. Ins. Soc.*, No. 11-1259, 2012 U.S. Dist. LEXIS 19512 (W.D. Pa. Feb. 16, 2012) (granting motion to dismiss class action allegations). None of Plaintiffs' authority is to the contrary; none likewise stands for the proposition that a court must give a plaintiff months of discovery and a hearing before determining that class certification is not possible.

Plaintiffs' reliance on *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1876 (2012), which involved review of a class action settlement in an antitrust case, to support their call for discovery is misplaced. *Sullivan* cautions trial courts to distinguish between the class certification analysis under Rule 23 and the analysis involved in determining whether a claim "can state a valid claim for relief" under Rule 12(b)(6). *Id.* at 308. LexisNexis

is not arguing, however, that Count I does not state a claim for relief. It is arguing that Count I's allegations, as currently formulated for actual damages only, cannot support certification. As a result, *Sullivan* does not apply.

Similarly, Plaintiffs' assertion that *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316 (3d Cir. 2008), also an antitrust case, stands for proposition that motions to strike pursuant to Rule 12 should not be entertained is equally misplaced. *Hydrogen Peroxide* raised the bar for class certification by holding that "a district court errs as a matter a law when it fails to resolve *a genuine* legal or factual dispute relevant to determining [if] the requirements" for class certification are met *Id.* at 308 (emphasis added). In other words, if the court needs to delve into issues, which often involve competing expert testimony, to decide whether the plaintiff's theory is viable, the court should do so before ruling on class certification. The Third Circuit did not hold that a trial court cannot strike legally infirm class action allegations where the complaint's allegations show, as they do here, that Rule 23's requirements could never be met based on the facts and legal theories alleged in a complaint. *Id.*

Plaintiffs' other cases are no more on point.[1] In fact, Judge Davis' recent decision in *P.V. v. Valentin*, No. 2:11-cv-04027, 2011 U.S. Dist. LEXIS 125370 (E.D. Pa. Oct. 31, 2011), cited repeatedly by Plaintiffs, supports LexisNexis' position that courts should not blindly permit class certification discovery and briefing. In *P.V.*, Judge Davis decided that the plaintiff's class

---

[1] Plaintiffs' other Third Circuit cases are not on point either. *In re School Asbestos Litig.*, 789 F.2d 996 (3d Cir. 1986), recognizes that "compensatory damages" can be recovered in a class action. LexisNexis does not contend that it is impossible to certify any class which seeks compensatory damages. For example, antitrust class actions involving price-fixing do not seek uniform statutory damages, but they can be certified because actual damages can easily be calculated through arithmetic and would not require individual class member discovery and credibility issues. Plaintiffs also cite to *In re Diet Drugs Products Liab. Litig.*, 431 F.3d 141 (3d Cir. 2005), a decision which primarily involved class members' challenge to a settlement. The decision provides no support for Plaintiffs' theory that a FCRA actual damages claim involving individual causation issues and lost wages claims can be certified.

action allegations should not be dismissed prior to class certification discovery and briefing – *but he did so only after a thorough analysis of why that was the case*. *P.V.* discusses in detail why the plaintiff's claims were *not* fundamentally unsuited for class treatment before concluding that "we simply do not have the information necessary to analyze and resolve" the factual disputes which were key to any class certification decision. *Id.* at *5. That is certainly *not* the case here, where certification would be contrary to numerous cases (several involving Plaintiffs' counsel) and where Count I, according to the Amended Complaint, seeks back pay, front pay and other damages related to employment and promotion decisions made by more than 100 employers located throughout the United States. It would be a strange legal construct if this Court somehow was required to deny LexisNexis' motion summarily without first considering the numerous cases which hold that class certification of a FCRA actual damages claim is impossible. Rather, the legal effect of that authority should be considered in this context as it would be with any other motion to strike.

The Court thus need not and should not accept Plaintiffs' invitation to look past Judge O'Neill's relevant discussion of the same issues presented herein and his determination in *Harper v. Trans Union, LLC*, No. 04-3510, 2006 U.S. Dist. LEXIS 91813 (E.D. Pa. Dec. 20, 2006), that the "proposed trial plan ... for a single trial on liability" is "untenable" in a FCRA case because "highly individualized proofs" with respect to causation and damages predominate over common issues. *See Chakejian v. Equifax Info. Serv. LLC*, 256 F.R.D. 492, 499 (E.D. Pa. 2009) (Brody, J.) (holding that in a FCRA case, "individual damages issues ... quickly overwhelm the common questions and the suit would become unmanageable and uncertifiable").

Rather than discuss these local cases, Plaintiffs bury them in a footnote and point out that they were decided on class certification and say that they will discuss them at some point down

the road. But *Harper, Chakejian* and the other FCRA cases discussed in LexisNexis' opening Brief are not in any way fact-specific – and discovery was not needed for the courts to decide against certification of a FCRA §1681o claim for actual damages. Given the uniquely individualized nature of the claims in this case – *i.e.*, claims for lost wages and emotional distress stemming from employment decisions made in connection with applications submitted to than 100 different employers located throughout the United States – the result reached by the Court in *Harper* is even more appropriate here given the nature of the claims, which implicate discovery directed not only to LexisNexis but to the employers as well.[2] The causation and damages issues posed by the class members' claims are too individualized to meet the prerequisites for class certification. No amount of discovery directed to LexisNexis and the 100-plus employers who rely on Esteem reports can change that and the day of reckoning for these infirm class allegations should not be postponed.

      **B.    Plaintiff's New Claims Do Not Relate Back To The Original Complaint.**

Plaintiffs do not contest that they made a strategic decision to avoid pleading negligence and actual damages claims in the original Complaint. As a result, the Court has the authority to dismiss the three new negligence claims as time-barred. *See In re: Asbestos Products Liab. Litig.*, No. 07-63839, 2009 U.S. Dist. LEXIS 68254, *23-*28 (E.D. Pa. Aug. 5, 2009); *see also Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1133 n.16 (11th Cir. 2004) (holding that

---

[2] Plaintiffs do not try to distinguish Judge O'Neill's lengthy treatment of the issues in *Harper*. Instead, Plaintiffs suggest that Judge O'Neill's decision is inapposite because *Harper* was "part of a larger national class" where a FCRA claim was certified. *See Clark v. Experian Info. Solutions, Inc.*, C.A. 8:00-1217-24, 2002 U.S. Dist. LEXIS 20410 (D.S.C. June 26, 2002) (*Clark II*). Plaintiffs however neglect to point out that in *Clark*, the plaintiff conceded that "claims for actual damages under the FCRA are not suitable for class treatment." *Clark v. Experian Info. Solutions, Inc.*, No. 8:00-1217-24, No. 8:00-1218-24, No. 8:00-1219-24, 2001 U.S. Dist. LEXIS 20024, at *12 (D.S.C. Mar. 19, 2001) (*Clark I*). Furthermore, in *Clark II*, the court emphasized that certification was appropriate to allow for aggregation of "the small recoveries" associated with the class' viable *statutory* damages claims. *Id.* (citation omitted). Here, the Plaintiffs' statutory damages claim in Count I has been dismissed with prejudice. There is no reason to believe that the any class in *Clark* would have been certified if there was no statutory damages claim.

amended complaint alleging nationwide class action claims did not relate back to original complaint where plaintiff "made the strategic decision to limit the class to individuals residing in one state, and subsequently decided-after the statute of limitations had run-that he wished to expand his suit to encompass individuals in all fifty states").

In an interim attempt to revive a claim they "specifically, knowingly, and purposefully waived" for strategic reasons,[3] Plaintiffs contend that Count I, as amended, is "identical" to Count I in the original Complaint, "except that it alleges negligence on the part of Defendant rather than willfulness." Pls.' Br. at 12. Plaintiffs gloss over the fundamental difference between the willfulness claim they originally pled and the negligence claim they now purport to plead as a substitute. As LexisNexis pointed out in its opening Brief, a negligence claim under FCRA § 1681o requires a plaintiff to plead both the causation and the existence of actual damages, elements that are absent from a willful violation claim pursuant to FCRA § 1681n. *See Gagliardi v. Equifax Info. Services, LLC*, No. 09-1612, 2011 U.S. Dist. LEXIS 10634, at *39 (W.D. Pa. Feb. 3, 2011); *Kaplan v. Experian, Inc.*, No. 09-10047, 2010 U.S. Dist. LEXIS 60098, at *8-*9 (E.D. Mich. May 26, 2010). These elements were not pled in the original Complaint. Thus, contrary to what Plaintiffs suggest, LexisNexis was not and could not have been on notice that it would need to defend against a class-wide negligence claim because the original Complaint was explicitly missing facts necessary to plead a negligence claim under § 1681o. Plaintiffs concede as much. *See* Pls.' Br. at 5 (noting that Plaintiffs had to "add[] allegations" not in the original complaint to state a claim for negligence). Accordingly, the claim asserted for the first time in Count I does not relate back to the original Complaint and is time-barred by FCRA's two year statute of limitations.

---

[3] *Asbestos Products Liab. Litig.*, 2009 U.S. Dist. LEXIS 68254, at *26-*27.

Counts III and IV deserve the same fate. Plaintiffs suggest that Counts III and IV were "expressly anticipated" in the original Complaint. Pls.' Br. at 12. Plaintiffs need to make it sound as if these two new claims are merely the same factual allegations from the original Complaint recast in a new legal framework. To the contrary, Plaintiffs have alleged not only new claims for violations of FCRA §§ 1681e(b) and 1681i, but to try to state those claims Plaintiffs have injected numerous new and lengthy factual allegations of LexisNexis' alleged misconduct not in the original Complaint. *See, e.g.*, Am. Compl. ¶¶ 136, 137, 139, 145, 153.

This is not a case like *Dalton v. Providian Nat'l Bank*, No. 3:06-cv-2309, 2007 U.S. Dist. LEXIS 40557, at *3-*5 (N.D. Ohio June 4, 2007), where the amended complaint was found to relate back because the same conduct that supported the original claim also supported the new claim in the amended complaint. Here, Plaintiffs are asserting violations of FCRA §§ 1681e(b) and 1681i based on *different* conduct on the part of LexisNexis – alleged failure to ensure the accuracy of Esteem reports and alleged inadequate reinvestigation of consumer disputes – than that underlying the FCRA §§ 1681b(b)(3) and 1682g(a) claims originally pled. Plaintiffs' original Complaint did not provide LexisNexis with adequate notice that it would have to defend against claims of fundamentally different misconduct which implicate different processes and procedures. As a result, Counts III and IV do not relate back.

Plaintiffs try to lay blame on LexisNexis for Plaintiffs' failure to timely assert Counts III and IV, arguing that they could not have pled these two claims in the original Complaint because they did not have their verified admission statements ("VAS") at the time they filed suit. Pls.' Br. at 2. Plaintiffs did not need the VAS to allege that LexisNexis misreported information and failed to conduct an adequate investigation, and their suggestion that it would be an improper to file a lawsuit about the accuracy of the *Esteem report* without a copy of the VAS does not hold

up. Pls.' Br. at 13. The Esteem reports which Plaintiffs received from LexisNexis in 2009 and which Plaintiffs used in the original Complaint provided Plaintiffs with precise information (store, amount of theft, date of theft, etc.) concerning each alleged theft incident at issue. *See* Am. Compl. ¶¶ 28, 67, 95, Exs. C & I. Plaintiffs do not dispute that, when the original Complaint was filed, they believed that the Esteem reports were allegedly inaccurate and that LexisNexis allegedly failed to conduct an adequate investigation of their disputes.[4] It strains credulity for Plaintiffs, represented by no less than four very experienced law firms, to say that they were unable to plead the claims which they assert in Counts III and IV until now. Plaintiffs could have – but deliberately chose not to – plead claims for violation of FCRA §§ 1681e(b) and 1681i in the original complaint, letting them lie dormant until the statute of limitations had run.

The case law cited by Plaintiffs does not compel a different conclusion. Plaintiffs cite *Spicer v. Villanova University*, No. 06-1411, 2006 U.S. Dist. LEXIS 87141 (E.D. Pa. Dec. 1, 2006), for the proposition that "[a] party seeking relation back enjoys the presumption in favor of allowing amendments to pleadings." *Id.* at *4. The case does not say that relation back must *always* be found to exist. *Spicer* simply acknowledges that the inquiry under Rule 15(c) is "whether the claims in the amended complaint have their factual basis in the original complaint." *Spicer*, 2006 U.S. Dist. LEXIS 87141, at *7. *Farber v. General Electric Co.*, No. 93-2349, 1994 U.S. Dist. LEXIS 1578 (E.D. Pa. Feb. 16, 1994), recognizes that "the likelihood of relation back decreases as the substance of the amended claims becomes increasingly distant from the claims in the original complaint." *Id.* at *3. *Bontempo v. Wolpoff & Ambramson, L.L.P.*, No. 06-745,

---

[4] Plaintiffs' reliance on this Court's statement that "[t]here is no way for plaintiffs to challenge inaccurate information without the admission statement" is misplaced. Pls.' Br. at 14 (citing Memorandum dated Mar. 22, 2012 at 20). When it made that statement, this Court was determining whether Plaintiffs stated a claim *in Count II* for violation of FCRA § 1681g(a)(1). This Court did not give Plaintiffs *carte blanche* to add time-barred claims to their Complaint.

2007 WL 3174050 (W.D. Pa. Oct. 29, 2007), reiterates that "the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Id.* at *4. *Spicer*, *Farber*, and *Bontempo* found that *under the facts of those cases*, the amended claims related back because the defendants had prior notice of the amended claims from the original complaint and another source.

Because the facts are different here, a different result is called for. LexisNexis did not have prior notice of Plaintiffs' amended claims from the original Complaint or any other comparable source. Counts I, III, and IV are time-barred and should be dismissed.[5]

### III. CONCLUSION

Counts I, III and IV should be dismissed with prejudice. Alternatively, if the Court allows Count I to proceed, the Court should strike all class allegations relating to Count I.

Respectfully submitted,

/s/ Andrew Soven
Abraham J. Colman
Andrew J. Soven
Mark S. Melodia
**REED SMITH LLP**
2500 One Liberty Place
Philadelphia, PA 19103-7301
(215) 851-8100

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

Dated: May 31, 2012

---

[5] Equitable tolling also does not apply to save Counts III and IV. Contrary to what they suggest, nothing "prevented" Plaintiffs from asserting the claims in Counts III and IV from the moment they initiated this lawsuit. *Santos v. United States*, 559 F.3d 189, 197-98 (3d Cir. 2009), instructs that equitable tolling is an "extraordinary" remedy to be extended "only sparingly." *Id* at 197 (quoted case omitted). This is hardly such a case.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2012, I caused a true and correct copy of the foregoing Defendant LexisNexis Screening Solutions Inc.'s Reply Brief in Further Support of Its Motion to Strike Class Allegations and to Dismiss Counts I, III and IV of the Amended Complaint to be served via ECF upon all counsel of record.

*/s/ Andrew J. Soven*
Andrew J. Soven