**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEESHA GOODE and<br>VICTORIA GOODMAN, on behalf of themselves<br>and others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br><br>LEXISNEXIS RISK & INFORMATION<br>ANALYTICS GROUP, INC.,<br><br>　　　　　　　　Defendant. | :<br>:<br>:<br>:<br>:　　CIVIL ACTION<br>:　　No. 11-2950<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant LexisNexis Screening Solutions Inc. ("LNSSI")[1], by and through its

undersigned counsel, hereby answers the Amended Class Action Complaint ("Amended

Complaint") of Plaintiffs Keesha Goode ("Goode") and Victoria Goodman ("Goodman")

(collectively, "Plaintiffs") as follows:

**I.　Introduction**

1.　The first sentence of paragraph 1 purports to describe this action.  To the extent a

response is required, the allegations are denied.  The remaining allegations of paragraph 1 which

purport to characterize the Fair Credit Reporting Act ("FCRA") are also denied, as the statute

speaks for itself.

2.　Denied.  LexisNexis Risk & Information Analytics Group, Inc. was improperly

sued in this case.  The answering Defendant LNSSI denies the allegations in paragraph 2.  The

---

[1] Plaintiffs sued the incorrect entity.  The correct entity for purposes of this lawsuit is LexisNexis Screening
Solutions, Inc. ("LNSSI").  Therefore, LNSSI is the proper entity to respond to the Amended Complaint, as set forth
throughout this Answer.

correct name of the database at issue in this case is the Retail Theft Contributory Database ("RTCD"), not Esteem.  Further, LNSSI disputes the Plaintiff's characterization of LNSSI's business practices and how the RTCD works.

3.      Denied.  The FCRA speaks for itself and any characterization thereof is denied. To the extent that the allegations of paragraph 3 state conclusions of law, they are denied as such.

4.      Admitted in part, denied in part.  It is admitted that the RTCD database contains an admission statement signed by each Plaintiff, respectively.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 concerning when Plaintiffs discovered their presence in the RTCD database and the reason(s) Plaintiffs were denied employment and/or promotion.  The remaining allegations of paragraph 4, including sub-parts (a)-(d), state conclusions of law and, as such, are denied.

5.      Admitted in part, denied in part.  It is admitted that Plaintiffs are seeking the form of relief stated.  LNSSI denies that Plaintiffs are entitled to said relief and denies any violation of the FCRA.  To the extent that the allegations of paragraph 5 state conclusions of law, they are denied as such.

## II.      <u>Parties</u>

6.      Admitted, upon information and belief.

7.      Admitted, upon information and belief.

8.      Denied in part, admitted in part.  LexisNexis Risk & Information Analytics Group, Inc. was improperly named in this lawsuit.  It is admitted that LNSSI is a corporation headquartered in Alpharetta Georgia and that LNSSI operates the RTCD.  The remaining allegations of this paragraph are denied as stated.

9.      Denied as stated.  LNSSI was formerly known as ChoicePoint WorkPlace Solutions, Inc.  The remaining allegations contained in paragraph 9 are denied.

## III.     Jurisdiction and Venue

10.     Denied.  The allegations of paragraph 10 state conclusions of law and, as such, are denied.

## IV.     Statement of the Facts

### a.      Background: The *RTCD* System

11.     Admitted in part, denied in part.  It is admitted that LNSSI owns and markets an employment screening product called RTCD.  The remaining allegations of this paragraph are denied as stated.  To the extent that Plaintiffs are referencing documents in their allegations, the documents speak for themselves.

12.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

13.      Denied as stated.  The allegations in this paragraph do not state a timeframe and therefore, LNSSI cannot provide an accurate response because the subscribing members to the RTCD change over time and Plaintiffs' allegations appear to relate to an old timeframe, prior to this litigation.

14.     Denied as stated.  The allegations do not designate a time frame and therefore, LNSSI cannot respond as there are revisions to the subscribing member agreement over time. The Member Service Agreement referenced in paragraph 14 and attached as Exhibit "A" speaks for itself and any characterization thereof is denied.

15.     Denied as stated.  To the extent Plaintiffs refer in this paragraph to the Rules of Participation included with the RTCD Member Service Agreement at Exhibit "A," they speak for themselves and any characterization thereof is denied.

16.     Denied as stated.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.  To the extent that the Plaintiffs are referencing the agreement with Members, such documents speak for themselves and any characterization is denied.

17.     Denied as stated.  To the extent Plaintiffs refer in this paragraph to the Rules of Participation included with the Member Service Agreement at Exhibit "A," they speak for themselves and any characterization thereof is denied.

18.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

19.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

20.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

21.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

22.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

23.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

24.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

25.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

26.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

27.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

28.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

29.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

30.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

31.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

32.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

33.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

34.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

35.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

36.     Denied.  The FCRA speaks for itself and any characterization thereof is denied. To the extent that the allegations of paragraph 36 state conclusions of law, they are denied as such.

37.     Denied.  LNSSI denies Plaintiffs' characterization of the reasons for the "pre-adverse action" requirement of the FCRA.  To the extent that the allegations in paragraph 27 state conclusions of law, they are denied as such.

38.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

39.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and they are therefore denied.

40.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.

41.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.  LNSSI does not control, create or agree to the adjudication criteria that is decided solely by the Member.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 as to when and why consumers are hired or not and they are therefore denied.

42.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.  To the extent that Plaintiffs refer in this paragraph to documents, such documents speak for themselves and any characterization thereof is denied.

43.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.  To the extent the allegations of paragraph 43 state conclusions of law, they are denied.

44.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  LNSSI does not control, create or agree to the adjudication criteria that is decided solely by the Member and further, denies that it acts as an "agent" for its employer members.

45.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

46.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

47.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  To the extent that the allegations of paragraph 47 state conclusions of law, they are denied as such.

48.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works and further, disputes any such characterizations that are not based on a cognizable timeframe.

49.     Denied.  The FCRA speaks for itself and any characterization thereof is denied. To the extent that the allegations of paragraph 49 state conclusions of law, they are denied as such.

50.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

**b.      The Facts Pertaining to Plaintiff Keesha Goode**

51.     Admitted in part, denied in part.  LNSSI admits, upon information and belief, that Plaintiff Goode was at one time employed by Forman Mills.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51, and they are therefore denied.

52.     Admitted.

53.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and they are therefore denied.

54.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and they are therefore denied.

55.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55, and they are therefore denied.  To the extent that Plaintiffs refer to documents in this paragraph, they speak for themselves and any characterization is denied.

56.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and they are therefore denied.

57.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  LNSSI admits only that it has a copy of Plaintiff Goode's admission statement.

58.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58, and they are therefore denied.

59.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59, and they are therefore denied.

60.     Admitted in part, denied in part.  It is admitted that Family Dollar is a subscribing member of RTCD.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60, and they are therefore denied.

61.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61, and they are therefore denied.

62.     Denied as stated.  The Pre-Adverse Action Notice referenced in paragraph 62 and attached as Exhibit "B" speaks for itself and any characterization thereof is denied.

63.     Denied as stated.  The Pre-Adverse Action Notice referenced in paragraph 63 and attached as Exhibit "B" speaks for itself and any characterization thereof is denied.

64.     Denied.  LNSSI did not participate and did not itself take an "adverse action" with regard to Plaintiff Goode's job application.  To the extent that the allegations in paragraph 64 state conclusions of law, they are denied as such.

65.     Denied.  The Pre-Adverse Action Notice speaks for itself and any characterization thereof is denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

66.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The referenced document speaks for itself and any characterization thereof is denied.  To the extent that the allegations in paragraph 66 state conclusions of law, they are denied as such.

67.     Denied.  The RTCD report referenced in paragraph 67 and attached as Exhibit "C" speaks for itself and any characterization thereof is denied.

68.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  LNSSI also disputes the allegations to the extent that they do not provide a cognizable timeframe.

69.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 concerning Plaintiff Goode purportedly seeking legal advice and the timing of same, and they are therefore denied.  The letter referenced in paragraph 69 and attached at Exhibit "D" speaks for itself and any characterization thereof is denied.

70.     Denied.  The letter referenced in paragraph 70 and attached at Exhibit "E" to speaks for itself and any characterization thereof is denied.

71.     Denied.  The letter referenced in paragraph 71 and attached at Exhibit "F" to speaks for itself and any characterization thereof is denied.

72.     Denied.  Factual investigation is continuing.

73.     Admitted in part, denied in part.  It is admitted only that LNSSI provided Plaintiff Goode a copy of the "verified admission statement" after this lawsuit was filed.  The documents referenced in paragraph 73 and attached at Exhibit "G" speaks for themselves and any characterization thereof is denied.

74.     Admitted in part, denied in part.  It is admitted that LNSSI agreed to "de-activate" Plaintiff Goode's RTCD record after this lawsuit was filed.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations Plaintiff's employment history or job prospects, and they are therefore denied.  The remaining allegations of paragraph 74 state conclusions of law and, as such, are denied.

75.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations Plaintiff's anguish, emotional harm and distress, and they are therefore denied.  The remaining allegations of paragraph 75 state conclusions of law and, as such, are denied.

### c.     The Facts Pertaining to Plaintiff Victoria Goodman

76.     Admitted in part, denied in part.  It is admitted, upon information and belief, that Plaintiff Goodman was at one point employed at a Dollar General store.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76, and they are therefore denied.

77.      Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and they are therefore denied.

78.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and they are therefore denied.

79.     Admitted.

80.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  LNSSI admits only that it has a copy of Plaintiff Goode's admission statement.

81.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81, and they are therefore denied.

82.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and they are therefore denied.

83.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and they are therefore denied.  To the extent that the allegations in this paragraph state legal conclusions, they are denied as such.

84.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and they are therefore denied.

85.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and they are therefore denied.

86.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and they are therefore denied.

87.     Denied.

88.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88, and they are therefore denied.

89.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

90.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and they are therefore denied

91.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 concerning when Plaintiff Goodman received the Pre-Adverse Action Notice in relation to her allegedly being fired from Rite Aid, and they are therefore denied.  The Pre-Adverse Action Notice referenced in paragraph 91 and attached at Exhibit "H" speaks for itself and any characterization thereof is denied.

92.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

93.     Denied.  The Pre-Adverse Action Notice referenced in paragraph 93 speaks for itself and any characterization thereof is denied.

94.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  To the extent that the allegations in this paragraph state legal conclusions, they are denied as such.

95.     Denied.  The RTCD report referenced in paragraph 95 and attached as Exhibit "I" speaks for itself and any characterization thereof is denied.

96.     Denied.  The RTCD report speaks for itself and any characterization thereof is denied.

97.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  LNSSI also disputes the allegations to the extent that they do not provide a cognizable timeframe.

98.     Denied.  The letter referenced in paragraph 98 and attached at Exhibit "J" to speaks for itself and any characterization thereof is denied.

99.     Denied.  The Pre-Adverse Action Notice and Adverse Action Notice referenced in paragraph 99 speak for themselves and any characterization thereof is denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

100.    Denied.  The letter referenced in paragraph 100 and attached at Exhibit "K" speaks for itself and any characterization thereof is denied.

101.    Denied.  The letter referenced in paragraph 101 and attached at Exhibit "L" to speaks for itself and any characterization thereof is denied.

102.    Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 concerning Plaintiff Goodman purportedly

seeking legal advice, and they are therefore denied.  The letter referenced in paragraph 102 and attached at Exhibit "M" speaks for itself and any characterization thereof is denied.

103.     Admitted in part, denied in part.  It is admitted that LNSSI provided Plaintiff Goodman a copy of the "verified admission statement" after this lawsuit was filed.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 concerning a union grievance and whether Plaintiff Goodman was reinstated as a cashier at Rite Aid in June 2010, and they are therefore denied.

104.     Admitted in part, denied in part.  It is admitted only that LNSSI provided Plaintiff Goodman a copy of the "verified admission statement" after this lawsuit was filed.  The document referenced in paragraph 104 and attached at Exhibit "N" speaks for itself and any characterization thereof is denied.

105.     Admitted in part, denied in part.  It is admitted that LNSSI agreed to "de-activate" Plaintiff Goodman's RTCD record after this lawsuit was filed.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's employment history or prospects, and they are therefore denied.  The remaining allegations of paragraph 105 state conclusions of law and, as such, are denied.

106.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's anguish, humiliation and lost income, and they are therefore denied.  The remaining allegations of paragraph 106 state conclusions of law and, as such, are denied.

## V.     CLASS ACTION ALLEGATIONS

107.    Admitted in part, denied in part.  It is admitted that Plaintiffs allege a class and sub-class as defined in the Amended Complaint.  LNSSI denies that this purported class meets the legal and factual requirements under law necessary to obtain class status.

108.    Denied.  The allegations of paragraph 108 state conclusions of law and, as such, are denied.

109.    Denied.  The allegations of paragraph 108 state conclusions of law and, as such, are denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

110.    Denied.  The allegations of paragraph 110 state conclusions of law and, as such, are denied.

111.    Denied.  The allegations of paragraph 111 state conclusions of law and, as such, are denied.

112.    Denied.  The allegations of paragraph 112 state conclusions of law and, as such, are denied.

## VI.    PLAINTIFFS' LEGAL CLAIMS

### COUNT I: FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(3)
### (CLASS CLAIM)

113.    LNSSI incorporates by reference its responses to Paragraphs 1 through 112 as if the same were set forth herein.

114.    Denied.  The FCRA speaks for itself and any characterization thereof is denied.  To the extent that the allegations of paragraph 114 state conclusions of law, they are denied as such.

115.    Denied.  The allegations of paragraph 115 state conclusions of law and, as such, are denied.

116.     Denied.  The FCRA speaks for itself and any characterization thereof is denied. To the extent that the allegations of paragraph 116 state conclusions of law, they are denied as such.

117.     Denied.  The FCRA speaks for itself and any characterization thereof is denied. To the extent that the allegations of paragraph 117 state conclusions of law, they are denied as such.

118.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The remaining allegations of paragraph 118 state conclusions of law and, as such, are denied.

119.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The remaining allegations of paragraph 119 state conclusions of law and, as such, are denied.

120.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The remaining allegations of paragraph 120 state conclusions of law and, as such, are denied.

121.     Denied.  The Pre-Adverse Action Notices sent to Plaintiffs Goodman and Goode speak for themselves any characterization thereof is denied.  LNSSI disputes the allegations that there are "form" documents and "similar" treatment.  The remaining allegations in paragraph 121 are denied.

122.     Denied.

123.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The remaining allegations of paragraph 123 state conclusions of law and, as such, are denied.

124.     Denied.  The allegations of paragraph 124 state conclusions of law and, as such, are denied.

125.     Denied.  The allegations of paragraph 125 state conclusions of law and, as such, are denied.

## COUNT II: FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681g(a)
## (CLASS CLAIM)

126.     LNSSI incorporates herein by reference paragraphs 1 through 125 as if the same were set forth herein.

127.     Denied.  The allegations of paragraph 127 state conclusions of law and, as such, are denied.

128.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

129.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.   The remaining allegations of paragraph 129 state conclusions of law and, as such, are denied.

130.     Denied.  The FCRA speaks for itself and any characterization thereof is denied. To the extent that the allegations of paragraph 130 state conclusions of law, they are denied as such.

131.     Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The remaining allegations of paragraph 131 state conclusions of law and, as such, are denied.

132.     Denied.  The allegations of paragraph 132 state conclusions of law and, as such, are denied.

## COUNT III: FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e(b)

### (INDIVIDUAL CLAIMS FOR NAMED PLAINTIFFS)

133.   LNSSI incorporates herein by reference paragraphs 1 through 132 as if the same were set forth herein.

134.   Denied.  The RTCD report for Plaintiff Goode speaks for itself and any characterization thereof is denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

135.   Denied.  The RTCD report for Plaintiff Goodman speaks for itself and any characterization thereof is denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

136.   Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The remaining allegations of paragraph 136 state conclusions of law and, as such, are denied.

137.   Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

138.   Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

139.   Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

140.   Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

141.   Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

142.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

143.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

144.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.  The admission statements of Plaintiffs Goodman and Goode that are referenced in paragraph 144 speaks for themselves and any characterization thereof is denied.

145.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

146.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

147.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

148.    Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations Plaintiffs' alleged injuries, and they are therefore denied.  The remaining allegations of paragraph 148 state conclusions of law and, as such, are denied.

149.    Denied.  The allegations of paragraph 149 state conclusions of law and, as such, are denied.

### COUNT IV: FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681i
### (INDIVIDUAL CLAIMS FOR NAMED PLAINTIFFS)

150.    LNSSI incorporates herein by reference paragraphs 1 through 149 as if the same were set forth herein.

151.    Denied.  The allegations of paragraph 151 state conclusions of law and, as such, are denied.

152.    Denied.  The allegations of paragraph 152 state conclusions of law and, as such, are denied.

153.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.  To the extent that Plaintiffs are relying on documents in this paragraph, such documents speak for themselves and any characterization thereof is denied. The remaining allegations of paragraph 153, including sub-parts (a)-(d), state conclusions of law and, as such, are denied.

154.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

155.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

156.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

157.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how RTCD works.

158.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 concerning what Plaintiffs would have been able to do, and they are therefore denied.

159.    Denied.  LNSSI disputes Plaintiffs' characterization of LNSSI's business practices and how the RTCD works.  The remaining allegations of paragraph 159 state conclusions of law and, as such, are denied.

160.     Denied.  LNSSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 concerning Plaintiff's alleged damages and employment history and prospects, and they are therefore denied.  The remaining allegations of paragraph 160 state conclusions of law and, as such, are denied.

161.     Denied.  The allegations of paragraph 161 state conclusions of law and, as such, are denied.

## PRAYER FOR RELIEF

WHEREFORE, LNSSI requests that judgment be entered in its favor and against Plaintiffs together with any fees and costs and such other and further relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim against LNSSI upon which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations under 15 U.S.C. § 1681p.

3.     Plaintiff's claims are barred, in whole or in part, by reason of the doctrines of laches, waiver and estoppel.

4.     At all relevant times, LNSSI acted in compliance with the Fair Credit Reporting Act.

5.     At all relevant times, LNSSI maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act.

6.     At all relevant times, LNSSI acted in good faith and in the belief that its conduct was lawful and proper under the circumstances and that it performed in a lawful manner.

7.      Any purported violation of the FCRA was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

8.      LNSSI did not commit a willful violation of the FCRA.

9.      Plaintiffs have not sustained any damages.

10.     Any damages sustained by Plaintiffs were caused by their own acts or omissions or the acts or omissions of third parties, not LNSSI.

11.     Plaintiffs have failed to mitigate their alleged damages.

12.     The causes of action are barred by prior settlement.

13.     The causes of action are barred by unclean hands.

14.     LNSSI did not cause anyone to suffer any damages.

15.     To the extent that the Amended Complaint seeks exemplary, punitive damages or treble damages, it violates LNSSI's rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution in contravention of State Farm Mut. Automobile Ins. Co. v. Campbell, et al., 538 U.S. 408 (2003).

16.     To the extent that the Amended Complaint seeks to certify a liability class, without the necessity of showing causation and damages, such a certification would violate LNSSI's rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution in contravention of Dukes v. WalMart, 131 S.Ct. 2541 (2011).

17.     Neither Plaintiff is an adequate class representative.

18.     LNSSI hereby reserves the right to assert additional affirmative defenses discovered during the course of discovery.

/s/ Mark S. Melodia
Mark S. Melodia
Diane A Bettino
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone No. (215) 851-8100

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

Dated:   August 10, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August 2012, I caused a true and correct copy of the foregoing Defendant LexisNexis Screening Solutions Inc.'s Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint to be served via ECF upon all counsel of record.

*/s/ Mark S. Melodia*
Mark S. Melodia