IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and VICTORIA GOODMAN, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP, INC., <br><br> Defendant. | Civil Action No. 11-2950 |

## ORDER

AND NOW, this 21st day of NOV. 2012, the foregoing Confidentiality Order is hereby adopted by this Court. IT IS SO ORDERED.

BY THE COURT:

_____
DuBOIS, JAN E., J.

- 13 -

## EXHIBIT A
## DECLARATION

STATE OF _____

COUNTY OF _____

I, _____, certify that I have received and read the Confidentiality Order dated _____, 2012, entered by the United States District Court for the Eastern District of Pennsylvania in the matter of *Goode et al v. LexisNexis Risk & Information Analytics Group, Inc.*, a copy of which is attached hereto (the "Confidentiality Order").

I further certify that I fully understand the procedural and substantive requirements of the Confidentiality Order.

Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of the Confidentiality Order, and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all the terms and provisions of the Confidentiality Order.

I subject myself to the jurisdiction and venue of the United States District Court for the Eastern District of Pennsylvania for purposes of enforcement of the Confidentiality Order. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEESHA GOODE and VICTORIA
GOODMAN, on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

LEXISNEXIS RISK & INFORMATION
ANALYTICS GROUP, INC.,

        Defendant.

Civil Action No. 11-2950

**FILED**

NOV 21 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## CONFIDENTIALITY ORDER

    Plaintiffs Keesha Goode and Victoria Goodman and Defendant LexisNexis Risk & Information Analytics Group, Inc. ("LNSSI"), parties to the above-captioned civil action (referred to hereafter as "the Litigation"), anticipate that certain documents and information likely to be produced or disclosed during the course of pre-trial proceedings in the Litigation may contain material that the producing/disclosing party may regard as being subject to protection from production or disclosure under Rule 26(c) of the Federal Rules of Civil Procedure. In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and the parties having negotiated and jointly proposed this Order; it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, HEREBY ORDERED as follows:

    1.    <u>Scope of Order</u>. This Confidentiality Order governs the use and handling in pre-trial proceedings in this Litigation of documents, electronic information in any form (including embedded data and metadata), interrogatory answers, responses to requests for admission, deposition testimony and other information, and tangible things, including copies, excerpts and summaries thereof (collectively referred to as "Material") produced pursuant to the Federal Rule

of Civil Procedure, to a subpoena, by agreement, or otherwise, and the treatment of Material designated by the producing or disclosing person or entity as being "Confidential."

2. <u>Redaction of Identifying Information</u>. Because this is a putative class action, the parties anticipate that some disclosed information will pertain to individual consumers other than Plaintiffs Keesha Goode and Victoria Goodman. In order to protect the privacy of such individuals during discovery preceding any class certification, LNSSI may redact the confidential information of individuals other than Ms. Goode or Ms. Goodman, but will not redact identifying information such as an internal number assigned to a particular person, record or event. This provision is not intended to limit the obligation of LNSSI to provide a class list of any class if ordered to do so by the Court, nor is it intended to limit the right of Plaintiffs to demand unredacted copies of particular documents. Should a party request an unredacted copy of a document, that request shall be governed by Paragraph 12, infra.

3. <u>Applicability</u>. This Confidentiality Order shall apply to (1) all parties currently named or later joined in this action, in the case of parties other than individuals, all divisions, subsidiaries, agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, insurance carriers, attorneys, and all other persons acting on their behalf, and (2) any other person or entity who produces discovery materials in this action.

4. <u>Designation of Confidential Material</u>. Any person or entity who produces discovery materials in this action (the "Producing Party") may designate as "Confidential" any Material that it produces in the Litigation which it believes, in good faith, (a) to be covered by Rule 26(c)(1)(G) and the principles set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) and other applicable law; (b) to be non-public personal information that is protected from disclosure by state or federal privacy laws; or (c) to be information the disclosure of which is prohibited or limited by statute, court order and/or other applicable rule. The designations will be made by an attorney in accordance with Paragraph 9, infra.

5. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party that designates Material for protection under this Confidentiality Order (the "Designating Party") must take care to limit any such designation to Material that such party, in good faith, believes is qualified for protected treatment under Federal Rule of Civil Procedure 26(c) or other applicable law. If it comes to a party's attention that information or items that it designated for protection do not qualify for protection, that party must promptly notify all other parties that it is withdrawing the original designation.

6. <u>Persons Who May Access Confidential Material</u>. Absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons and *only* in connection with this case:

(a) Outside counsel of record for the parties;

(b) In-house counsel for the parties who are actively involved in assisting with the prosecution or defense of the Litigation;

(c) Outside experts or consultants who are not regular employees of a party but are retained on behalf of any of the parties to assist in the preparation of this case;[1]

(d) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing them to testify;

(e) Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(f) The Court, court reporters, videographers, stenographers, and court personnel;

(g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of the Litigation;

---

[1] This shall not include attorneys or other counsel who are not counsel in this case, unless such attorney is retained as an expert.

(h) Any court, administrative agency or governmental body that has subpoenaed such material, subject to Paragraph 15; and

(i) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

7. **Application of this Confidentiality Order to Persons With Access to Confidential Material.** Except as otherwise provided in this Confidentiality Order (see, e.g., Paragraph 18 below), each person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Confidentiality Order and may not be disclosed or used other than as set forth in this Confidentiality Order.

(a) Before any person described above in subparagraphs 6(c) or 6(d) is given access to Confidential Material that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Confidentiality Order. No person described above in subparagraph 6(d) shall be allowed to retain a copy or excerpt of any Confidential Material.

(b) Before any other person described in Paragraph 6 is shown any Confidential Material, that person must be shown a copy of this Confidentiality Order and instructed that he or she is bound by its provisions.

(c) Each party represents that she or it has no present knowledge or belief that any employee, officer or agent of a defendant, or family member or friend of the plaintiff, will refuse to cooperate with this procedure.

(d) Nothing in this agreement shall require one party's counsel to disclose to the opposing party or such party's counsel the identity of the persons to whom counsel has shown information designated as Confidential or from whom counsel has obtained the signed acknowledgment referenced in subparagraph (b). Counsel shall keep executed copies of these acknowledgments with their files and in accordance with their document retention obligations.

8. **Filing Documents Containing Confidential Material.** In the event that a party wishes to use any Confidential Material, or any papers containing or making reference to the

-4-

contents of such material or information, in any pleading or document filed with the Court in the litigation, such pleading or document and Confidential Material shall be filed under seal until such time as the Court orders otherwise or denies permission to file under seal. The sealed material, information or papers shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL - FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, and a statement substantially in the following form:

CONFIDENTIAL
This envelope contains documents that are subject to a Confidentiality Order entered by the Court in this action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

9. <u>Production of Documents and Other Material Containing Confidential Material</u>. The designation of Confidential Material for the purposes of this Confidentiality Order shall be made in the following manner:

(a) In the case of documents, by affixing the legend "Confidential" to each page containing any Confidential Material.

(b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as Confidential in a cover letter to the intended recipient that the information is designated as confidential, including the words "Confidential-Pursuant to Court Order in C.A. No. _____ (E.D. Pa.)."

(c) Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the "Confidential" designation. If a party reduces Confidential Electronic Data to hardcopy form, it shall mark the hardcopy, and any copies of that hardcopy, with the "Confidential" designation.

(d) In the case of depositions or other pretrial testimony: Unless the parties agree otherwise with regard to a particular deposition, depositions shall remain Confidential until counsel for the deponent receives the transcript of such deposition and for ten (10) days

thereafter, at which time only those specific portions designated as Confidential shall remain so. The transcript of those specific portions of such deposition may be designated as Confidential by underlining the appropriate portions of the transcript to be designated Confidential and marking any such portion on a transcript page with the legend "Confidential." If a timely designation is made, then two versions of the transcript will be created: one with the "Confidential"-designated portions removed, and one unaltered version to be maintained under seal. Each party shall make a good faith effort to identify on the record subject matter that the party believes to be Confidential, but the failure to do so shall not operate as a waiver of the right to timely designate portions of a deposition as Confidential under this Order. A video or other electronic recording of a deposition designated (in whole or in part) Confidential shall remain confidential in its entirety until trial or further order of the Court.

(e) To the extent that a person described in Paragraph 6 creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Material, such person shall take all necessary steps to insure that access to any Confidential Material is restricted to those persons who, by the terms of this Confidentiality Order, are allowed access to the Confidential Material.

(f) The inadvertent failure to stamp a document as Confidential shall not be deemed a waiver of a claim of confidentiality. In that event, the Designating Party shall produce new copies of the material at issue, with the proper designation, within ten business days of the Designating Party's discovery of the inadvertent failure to stamp the document as "Confidential."

10. <u>Use of Confidential Material at Trial or Hearing</u>. This Confidentiality Order shall not apply to the use of Confidential Material in public hearings or at trial. Any disputes as to the proper treatment of Confidential Material in public hearings or at trial will be resolved separately from this Confidentiality Order.

11. <u>No Waiver of Privilege</u>. If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced to the party receiving such information (the "Receiving Party"), such production shall not be presumed to constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. In these circumstances, the Producing Party must notify all parties in writing of the inadvertent production by identifying the Inadvertently Produced Privileged Document and stating the basis for the privilege or other protection from production, within ten business days of the discovery of the inadvertent production. Within five days of receiving such notification, and in compliance with the Receiving Party's ethical obligations under the law, all Receiving Parties shall either (a) destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document; or (b) notify the Producing Party that it intends to move for an order allowing the use of an Inadvertently Produced Privileged Document in the Litigation. If the Receiving Party notifies the Producing Party that it intends to request an order allowing use of an Inadvertently Produced Privileged Document in the Litigation, it must file its letter request for an order within 14 days of providing such notice. The Receiving Party may retain one copy of the Inadvertently Produced Privileged Document solely for use in connection with that request. The document may not be used for any other purpose unless and until the Court rules that it is not privileged. In connection with such a motion, the Receiving Party may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production to the Receiving Party, but the Receiving Party may claim that the production was not, in fact, inadvertent. Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

12. <u>Challenging Confidentiality Designations</u>. A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must advise the Designating Party in writing that the party objects to the designation. The parties shall have fourteen (14) days to resolve the dispute. During the fourteen day period, the Designating Party must explain with particularized facts the basis for its belief that the confidentiality designation is proper. If, following the meet and confer process, there is no resolution of the challenge, the Designating Party shall have fourteen (14) calendar days to apply to the Court by letter for a protective order designating the challenged material as confidential. The challenging party may file a responsive letter within seven (7) calendar days; there will be no reply. The burden of establishing confidentiality in any such challenge proceeding shall be on the Designating Party pursuant to prevailing legal authority applicable to a request for a protective order under Rule 26(c) or other applicable law. Until the Court rules on the challenge, all parties shall continue to afford the Confidential Material in question the level of protection to which it is entitled under this Confidentiality Order. In the event the Court rules that the challenged material is not confidential, the Designating Party shall reproduce copies of all materials so de-designated without the "Confidential" labeling, at the expense of the Designating Party, within fourteen days. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. <u>Modification of the Confidentiality Order</u>. This Confidentiality Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Confidentiality Order.

14. <u>Copy of Confidentiality Order Must Be Served With Any Subpoena</u>. When serving any subpoena in the Litigation on a non-party to the Litigation, a copy of this Confidentiality Order shall be included with the subpoena.

15. <u>Third Party Requests for Confidential Material</u>. If any person receiving Material covered by this Confidentiality Order is subpoenaed in another action or proceeding, served with

- 8 -

a document demand, or otherwise requested to provide Material covered by this Confidentiality Order, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material by any Producing Party, the person receiving the subpoena, document demand, or request shall give written notice as soon as practicable (but in no event more than three business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Material until any dispute relating to the production of such Material is resolved.

16. <u>Court Retains Jurisdiction</u>. This Confidentiality Order shall survive the termination of the Litigation. This Court expressly retains jurisdiction over this action for enforcement of the provisions of the Confidentiality Order following the final resolution of this Litigation.

17. <u>Destruction of Confidential Material</u>. Within sixty days of the termination of the Litigation, including all appeals, all Confidential Material supplied by any Producing Party and any copies thereof (including copies provided to the persons in paragraph 6), shall be returned to the Producing Party or shall be destroyed and their destruction certified. Counsel for the Producing Party shall retain for a period not less than five (5) years an archival copy of those pleadings and transcripts that contain Confidential Material of the Producing Party. Counsel for the Producing Party shall make such material available to counsel for the Receiving Party upon request in the event counsel for the Receiving Party reasonably believes he needs the material to defend against claims arising from his conduct of this litigation. Any such archival copies that contain or constitute Confidential Material shall remain subject to the confidentiality obligations imposed by this Confidentiality Order.

18. <u>Parties May Use Their Own Confidential Material</u>. Nothing in this Confidentiality Order shall affect a party's use or disclosure of its own documents in any way. This provision applies to the use by any party of Confidential Material that pertains only to that party.

19. <u>Parties May Use Independently Obtained Documents Regardless of Designation</u>. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

20. <u>Procedures Concerning Third-Party Materials</u>. To the extent that a party to the Litigation is required to produce materials which are covered by a non-disclosure agreement in some other litigation ("Third-Party Materials"), the Producing Party shall promptly notify the Receiving Party of such other order, shall produce a copy of such order and shall promptly initiate whatever steps are necessary and appropriate to comply with any preproduction requirements imposed by such other order.

21. <u>Inadvertent Production of Third-Party Materials</u>. In the event a Producing Party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the Producing Party may request the return of the Inadvertently Produced Third-Party Materials. Within five days of receiving such notification, and in compliance with the Receiving Party's ethical obligations under the law, all Receiving Parties shall either (a) destroy or return to the Producing Party the Inadvertently Produced Third-Party Materials and expunge from any other document or material any information solely derived from Inadvertently Produced Third-Party Materials; or (b) notify the Producing Party that it intends to move for an order allowing the use of Inadvertently Produced Third-Party Materials in the litigation. If the Receiving Party notifies the Producing Party that it intends to move for an order allowing use of any Inadvertently Produced Third-Party Materials in the Litigation, any request for relief from the Court shall be governed by the same procedures governing inadvertent production of documents in Paragraph 11, supra. The Receiving Party may retain one copy of the Inadvertently Produced Third-Party Materials solely for use in connection with that request. Should such request be denied and affirmed in an appeal, if any, within five days of receiving the decision on the request, the Receiving Parties shall either

destroy or return to the Producing Party the Inadvertently Produced Third-Party Materials and expunge from any other document or material any information solely derived from the Inadvertently Produced Third-Party Materials. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the Producing Party shall comply with any applicable Third-Party Notice Requirements. Notwithstanding this paragraph, none of the parties have any reason to believe that any such Third-Party Material Exists in this case.

22. **Filing.** Confidential Material should not be filed with the Clerk except when required in connection with motions or other matters pending before the Court.

23. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, nor from relying on any Confidential Material in the course of such advice, provided that, in rendering such advice, counsel shall not make any specific disclosures of Confidential Material.

24. **Nonwaiver.** Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of any document or information.

LANGER, GROGAN & DIVER, PC
Attorneys for Plaintiffs

*/s/ Irv Ackelsberg, Esquire*
Dated: 11/16/2012

COMMUNITY LEGAL SERVICES, INC.
Attorneys for Plaintiffs

*/s/ Sharon M. Dietrich, Esquire*
Dated: 11/16/2012

FRANCIS & MAILMAN
Attorneys for Plaintiffs

*/s/ James A. Francis, Esquire*
Dated: 11/16/12

CONSUMER LITIGATION ASSOC.
Attorneys for Plaintiffs

*/s/ Leonard A. Bennett, Esquire*
Dated: 11/19/12

-11-

REED SMITH LLP
Attorneys for Defendant

_____
Mark S. Melodia, Esquire
Dated: 11-21-12