IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and VICTORIA GOODMAN, on behalf of themselves And others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., f/k/a LEXISNEXIS SCREENING SOLUTIONS, INC., <br> Defendant. | CIVIL ACTION <br> No. 11-2950 <br><br> **FILED** <br> AUG 01 2014 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

### [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING A CLASS FOR SETTLEMENT PURPOSES AND GRANTING RELATED RELIEF

Upon review and consideration of the terms and conditions of the Settlement Agreement[1], including its exhibits, dated November 15, 2013, *and the amended and revised exhibits filed 7/31/14 (Doc no. 63, 64, 65)* between and among the Class Representatives and the Settlement Classes, by and through the Class Representatives and Settlement Class Counsel (collectively, "Plaintiffs"), and the First Advantage LNS Screening Solutions, Inc. f/k/a LexisNexis Screening Solutions, Inc. ("Defendant" or "SSI"), by and through its authorized signatory;

Upon consideration of all prior proceedings in the Action; and

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement filed with the Court on November 15, 2013, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless specifically noted otherwise in this Order.

Upon consideration of Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and the settlement contemplated thereby, and all memoranda, affidavits and other papers and arguments submitted with respect thereto;

**IT IS ORDERED THAT the Motion is GRANTED. It is further ORDERED that:**

    1.    This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the Settlement Class, as defined below.

    2.    The Settlement Agreement is sufficiently fair, reasonable and adequate for preliminary approval and warrants notice to the Settlement Classes.

3.    The Court hereby approves Plaintiff Keesha Goode and Plaintiff Victoria Goodman as Class Representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Representatives have and will fairly and adequately protect the interests of the Settlement Classes.

4.    The Court hereby appoints the following law firms as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Counsel has and will fairly and adequately protect the interests of the Settlement Class: Langer Grogan & Diver PC, Francis & Mailman, P.C., Community Legal Services, Inc., and Consumer Litigation Associates, P.C..

5.    Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, this Court hereby provisionally certifies the following Class:

**Pre-Adverse Action Injunctive Relief Class or "PAA Class".** All natural persons who during the Class Period received a Pre-Adverse Action Notice sent by SSI on behalf of an employer or potential employer regarding a consumer report which report contained derogatory or negative information from the Retail Theft Contributory Database with respect to such person.

The Retail Theft Contributory Database is also referred to as the RTCD.

6. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally certifies the following Class:

**Disclosure and Disputes Class.** All natural persons who during the Class Period (a) submitted to SSI a specific request for a copy of their Voluntary Admission Statement, a specific Full File Disclosure Request, or a specific FACTA request, and in each case did not receive a copy of a VAS then in SSI's possession or (b) initiated a dispute with SSI related to the RTCD and were not provided a copy of a VAS then in SSI's possession relating to them at the initiation of the dispute.

7. The Court having preliminarily approved the Settlement Agreement as being a fair, reasonable and adequate settlement as to all members of the Disclosure and Disputes Settlement Class and the PAA Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, the Parties are directed to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether to finally approve said settlement.

8. The Court approves the selection of Heffler Claims Group to serve as the Settlement Administrator who will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the notice plan approved herein, and the Court hereby appoints the Heffler Claims Group to so serve.

9. The Court hereby finds and orders that the Notice, attached hereto as Attachment A, and the notice plan set forth in Section 2.3 of the Settlement Agreement: (a) fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (b) are the best

notice practicable under the circumstances to the Settlement Class Members; and, (c) provide individual notice to all Settlement Class Members who can be identified through reasonable effort.

10. The Court hereby directs that, within thirty (30) days of the entry of this Order, the approved notice be provided to the Settlement Class Members in accordance with the terms and conditions of the Settlement Agreement; provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

11. Heffler Claims Group shall serve notice of the settlement upon the appropriate federal and state officials in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715, specifically with section 1715(b) and thereupon shall file with the Court a certification of the date upon which the CAFA notice was completed.

12. A hearing on entry of final approval of the Settlement Agreement, certification of the Settlement Classes, and award of fees and expenses to Class Counsel and a Service Payment to the Class Representatives (the "Fairness Hearing"), shall be held at 2:00 P.m. on DECEMBER 5, 2014, before the undersigned in Courtroom 12B of the United States District Court of the Eastern District of Pennsylvania, located at 601 Market Street, Philadelphia, PA 19106. At the Fairness Hearing, the Court will consider: (a) whether to certify the provisionally certified Settlement Classes; (b) whether the settlement should be approved as fair, reasonable and adequate for each of the two classes (c) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (d) whether Class

Counsels' application for attorneys' fees and reimbursement of expenses and Service Payments for the Class Representatives should be granted.

13. No later than twenty-one (21) days prior to the Fairness Hearing, Defendant shall provide (a) an affidavit to the Court, with a copy to Class Counsel, attesting that it prepared class lists and forwarded those lists to the Settlement Administrator in accordance with Section 2.3.2 of the Settlement Agreement and (b) an affidavit by the Settlement Administrator to the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of the Settlement Agreement or as ordered by this Court.

14. The Court preliminarily determines that the payment program and other relief described in Article 4 of the Settlement Agreement fairly, adequately, and reasonably addresses the matters of settlement administration, and that the plan of allocation of monetary payments to the Disclosure and Dispute Class is fair and adequate.

15. Only Disclosure and Dispute Settlement Class Members may opt out of this Settlement Class. Any Disclosure and Dispute Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Settlement Class by sending a written request for exclusion from the Settlement Class to the address listed in the Notice Settlement Class Notice, postmarked no later than thirty (30) days prior to the date set for the Fairness Hearing, which deadline shall be set forth in the Settlement Class Notice.

16. Any request to opt out by a Disclosure and Dispute Settlement Class Member must be in writing and must include that person's full legal name, current address, telephone number of the person seeking to opt-out and a statement that the person wishes to opt-out of such a release. The opt-out request must be personally signed by the Disclosure and Disputes Settlement Class Member who seeks to opt out. No request for exclusion will be valid unless it

complies with the terms of this paragraph and the terms set forth in Section 2.5 of the Settlement Agreement.

17. Class Counsel, Defendant and the Settlement Administrator shall use such opt-out information only for purposes of determining and/or establishing whether a person has timely and properly opted out as permitted by the Court. No later than twenty-one (21) days prior to the Fairness Hearing, the Settlement Administrator shall serve on Class Counsel, with a copy to Defendant's Counsel, a declaration separately stating the number of, and identifying, the members of the Disclosure and Disputes Class who have submitted timely requests for exclusion.

18. No member of the PAA Class may opt out. No member of the Disclosure and Disputes Class may opt out through an actual or purported agent or attorney, and no opt-out request may be made on behalf of a group of Disputes Class Members.

19. If a timely and valid request for exclusion is made by a member of the Disclosure and Disputes Class, then no payment shall be made with respect to any such person. Such person will be deemed to have waived any and all rights or benefits under the Settlement Agreement, and will not have standing to object to the Settlement Agreement or seek to intervene in this Action.

20. Each Disclosure and Disputes Settlement Class Member who does not opt out as described in paragraphs 15 through 19 herein, whether or not he or she receives payment under the terms of the Settlement Agreement, will be bound by the Settlement Agreement, by all determinations and judgments concerning the Settlement Agreement, and by the settlement contemplated thereby.

21. As provided by Section 2.4.2 of the Settlement Agreement, if either (a) five percent (5%) or more of the Disclosure and Disputes Settlement Class Members opt out in

accordance with this Order or (b) upon further information, the Disclosure and Disputes Class has more than 3,300 members, then each Party shall have the option to rescind the Settlement Agreement, in which case this Settlement Agreement shall be rescinded, cancelled and annulled. Any such option shall be exercised no later than twenty-one (21) days prior to the Fairness Hearing. If either Party exercises this option, then the Parties shall return to their respective positions in the manner and effect as set forth in section 9.3 of the Settlement Agreement.

23. All further proceedings in the Action (including, but not limited to, any existing discovery obligations) are ordered stayed until final settlement approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final settlement approval.

24. All Settlement Class Members, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any claim asserted in the Action, in any judicial, administrative, arbitral, or other forum until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier; provided, that this stay and injunction shall not apply to individual claims of any member of either Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. For avoidance of doubt, nothing herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any such claim(s). This stay and injunction is necessary to protect and effectuate the Settlement Agreement, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement

Agreement and to enter Final Judgment when appropriate and is ordered in aid of this Court's jurisdiction and to protect its judgments.

25. Plaintiffs' motion for final approval, class certification and approval of attorney fees, together with all appropriate memoranda, affidavits, declarations, and other evidence in support of those requests shall be filed no later than ten (10) days prior to the date set for the Fairness Hearing.

26. Any Settlement Class Member who has not timely opted-out of the settlement and who wishes to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement, including without limitation, the compensation to be paid to Class Counsel, must deliver an objection, in writing, to Class Counsel and Defendant's Counsel and must also file the objection with the Court, no later than thirty (30) days before the Fairness Hearing or as the Court may otherwise direct.

27. Any Settlement Class Member who files and serves a written objection satisfying the requirements of this section, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement. Settlement Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and Defendant's Counsel, no later than thirty days before the Fairness Hearing or as the Court otherwise may direct, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Settlement Class Member proposes to have testify; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of

the objection; and (v) attach complete copies of all such exhibits. No Settlement Class Member may file an objection on behalf of any other person, or any other Settlement Class Member, unless acting in his or her capacity as an attorney of good standing and retained by such other person or other Settlement Class Member in writing.

28. The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the terms of settlement stated in the Settlement Agreement and request for approval of attorneys' fee and expenses at or after the originally scheduled Fairness Hearing.

29. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the Claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and Order of Dismissal.

30. In the event that any provision of this Preliminary Approval Order is asserted by SSI as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or other proceeding brought by one or more Settlement Class Members or any person actually or purportedly acting on behalf of any such Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined as to such Settlement Class Member(s) until the Court has entered an order

or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. This paragraph is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's flexibility and authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

31.     If for any reason the Settlement Agreement terminates before final settlement approval, then the certification of the Settlement Classes shall be deemed vacated and the certification of the Settlement Classes for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues. In that event, the Parties shall return to the status quo ante in the Action, without prejudice to the right of Defendant to assert any right or position that it could have asserted if this Settlement Agreement had never been reached or proposed to the Court.

SO ORDERED.

Dated: 8/1/14

_____
HON. JAN E. DUBOIS
UNITED STATES DISTRICT JUDGE

**ENTERED**

AUG 01 2014

CLERK OF COURT