IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and VICTORIA GOODMAN, on behalf of themselves and others similarly situated,<br>Plaintiffs,<br>v.<br><br>FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC., f/k/a LEXISNEXIS SCREENING SOLUTIONS, INC.,<br>Defendant. | CIVIL ACTION<br>No. 11-2950 |

FILED

DEC 29 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## FINAL JUDGMENT CERTIFYING SETTLEMENT CLASS, APPROVING CLASS SETTLEMENT AND DISMISSING ACTIONS WITH PREJUDICE

Upon review and consideration of the terms and conditions of the Settlement Agreement filed with this Court on November 15, 2013, between and among the Class Representatives and the Settlement Class, by and through the Class Representative and Class Counsel (collectively, "Plaintiffs"), and the Defendant First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions, Inc. ("Defendant"), by and through its authorized signatory;

Due and adequate notice having been given to members of the PAA Class and the Disclosure and Disputes Class, as required in the Court's Preliminary Approval Order dated August 1, 2014, and a hearing having been held before this Court on December 5, 2014 (the "Fairness Hearing") to determine the matters contemplated herein;

No objection from a member of the Disclosure and Disputes Class having been filed and no objecting class member having appeared at the Fairness Hearing;

The Plaintiffs having submitted a Motion Seeking Final Approval of Class Action Settlement and a Motion for Approval of Attorney's Fees and Costs, both supported with submitted documentary evidence and a Memorandum of Law and the Court having heard at length from the parties at the said Fairness Hearing; and

Upon consideration of all prior proceedings in the Action,

The Court finds as follows:

1. The Pre-Adverse Action Injunctive Relief Class ("PAA Class") is defined as follows:

All natural persons who during the Class Period received a Pre-Adverse Action Notice sent by SSI on behalf of an employer or potential employer regarding a consumer report which report contained derogatory or negative information from the Retail Theft Contributory Database with respect to such person.

2. The Disclosure and Dispute Class ("D&D Class") is defined as follows:

All natural persons who during the Class Period (a) submitted to SSI a specific request for a copy of their Voluntary Admission Statement, a specific Full File Disclosure Request, or a specific FACTA request, and in each case did not receive a copy of a VAS then in SSI's possession or (b) initiated a dispute with SSI related to the RTCD and were not provided a copy of a VAS then in SSI's possession relating to them at the initiation of the dispute.

3. The PAA Class contains 26,155 members and the D&D Class contains 2,916 members. Taking into account some overlap in membership in the two classes, 28,054 individuals are members of either one or both of the classes.

4. The Heffler Claims Group ("HCG"), appointed as Settlement Administrator by this Court in its Order dated August 1, 2014, effectively implemented the notice program set forth in the Order. Having received the appropriate class data from Defendant, HCG successfully reached 93.96% of the PAA Class and 99.04% of the D&D Class; it established a dedicated

website, toll-free telephone number and mailing address; and it received a substantial number of inquiries from class members indicating a high degree of interest in the settlement among the two classes.

5. HCG received four opt-outs from members of the D&D Class.

6. Each Class is sufficiently numerous that joinder of all members would be impracticable.

7. There are issues of law and fact common to each Class regarding the policies and procedures of Defendant.

8. The claims of the named plaintiffs, Keesha Goode and Victoria Goodman, are typical of those of each Class.

9. Plaintiffs and Class Counsel have adequately represented each Class. The representative plaintiffs have no conflicts with members of either Class and have participated in this action through production of documents and appearance at depositions. Class Counsel are highly qualified and represented each Class with a high degree of professional competence and skill.

10. Each Class meets the requirements of Fed. R. Civ. P. 23(a).

11. The PAA Class meets the requirements of Fed. R. Civ. P. 23(b)(2) in that injunctive relief is appropriate with respect to the Class as a whole.

12. The D&D Class meets the requirements of Fed. R. Civ. P. 23(b)(2) and (b)(3). In addition to the appropriateness of the same injunctive relief they will benefit from, common

questions of law and fact predominate with respect to their individual claims for relief under 15 U.S.C. § 1681n for the allegedly willful violation of 15 U.S.C § 1681g(a), and a class action is a superior method for resolving such claims. This is the proper forum for the maintenance of this class action. Due to the settlement, there will be no issues of manageability.

13. The settlement is entitled to a presumption of fairness because: (1) the negotiations were conducted at arm's length; (2) there was substantial discovery, including review of records and documents from Defendant, and extensive depositions of Defendant's personnel; (3) Class Counsel are experienced in this type of litigation and (4) there were no objections. *See Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004).

14. The Court having further considered the factors listed in *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975), as stated in the December 5, 2014 Fairness Hearing, the proposed settlement is fair, reasonable and adequate.

15. The Settlement Administrator has timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715.

16. The Court has separately considered the reasonableness of the $7,500 awards each to plaintiffs Goode and Goodman for their services to the two classes and determines such awards to be reasonable.

17. The Court will write separately on reasonableness of the attorney's fee provided for in the Settlement Agreement.

**IT IS THEREFORE ORDERED AND DECREED THAT A FINAL JUDGMENT BE ENTERED AS FOLLOWS:**

A.  This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the PAA Class and the Disclosure and Disputes Class.

B.  The above-defined PAA Class and D&D Class are certified.

C.  Langer Grogan & Diver, PC, Francis & Mailman, P.C., Community Legal Services, Inc., and Consumer Litigation Associates, P.C. are appointed as Class Counsel.

D.  The Class Settlement in this action is approved as being a fair, reasonable, and adequate settlement as to all members of the D&D Settlement Class and the PAA Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and shall be consummated in accordance with its terms.

E.  The service awards of $7,500 to each of the class representative, Keesha Goode and Victoria Goodman, are approved.

F.  Subject only to the provisions of Paragraph I below, the Action is hereby dismissed with prejudice, without costs, except as expressly provided in the Settlement Agreement.

G.  Subject only to the provisions of Paragraph I below, by operation of this judgment, all Settlement Class Members who have not timely and properly opted out are deemed to have absolutely and unconditionally released and forever discharged the "Released Parties"

from all "Claims," as those terms are defined in the Settlement Agreement, and are forever barred and enjoined from commencing, instituting, or maintaining any such Claims against the Released Parties in any action in this or any other forum. All Settlement Class Members who have not timely and properly opted out are further deemed to have waived the protections afforded under Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws, and/or any other similar, comparable, or equivalent laws.

      H.     This Final Judgment shall not and does not apply to bind those individuals who have timely excluded themselves from the D&D Class. The Settlement Administrator shall file with the Clerk of the Court a record of class members who timely excluded themselves from the D&D Class and shall, upon the request of either Party, confirm whether any given individual is on the list of exclusions. In all other respects, the list of opt-outs shall be treated with the same confidentiality as the Class List.

      I.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice, this Final Judgment, or the Settlement Agreement.

      J.     Neither the Settlement Agreement, the settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect; or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement Agreement or of this Final Judgment.

Dated: __12/23/14__

SO ORDERED.

*Jan E. DuBois*
HON. JAN E. DUBOIS
UNITED STATES DISTRICT JUDGE