IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEESHA GOODE and<br>VICTORIA GOODMAN, on behalf of themselves<br>and others similarly situated,<br>                                Plaintiffs,<br>      v.<br><br>FIRST ADVANTAGE LNS SCREENING<br>SOLUTIONS, INC., f/k/a LEXISNEXIS<br>SCREENING SOLUTIONS, INC.,<br>                                Defendant. | CIVIL ACTION<br>No. 11-2950 |

FILED
DEC 29 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

AND NOW, this 23rd day of December, 2014, upon consideration of the Plaintiffs' Motion for Approval of Attorneys' Fees and Costs ("the Motion"), and following the hearing on this matter on December 5, 2014, the Court finds as follows:

1. The Class Action Settlement Agreement, which, by separate Order, dated December 23, 2014, this Court approved as being fair, reasonable and adequate, provided that "Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses, to be separately paid by Defendant in an amount not to exceed Two Million Dollars ($2,000,000.00)," and that a reference to a potential award in this amount be included in the class notices to be mailed to the members of the settlement classes.

2. The appropriate reference to a potential attorney's fee award of $2 million was included in the class notices.

3. No objections to any aspect of the Class Settlement Agreement were filed by class members.

4. As contemplated in the Settlement Agreement, Plaintiffs filed the Motion, including supporting documentation and a Memorandum of Law, in which they request an award in the amount of $2 million, including reimbursement for $76, 589.46 in out-of-pocket expenses.

5. This Court conducted a hearing on December 5, 2014 for purposes of considering, besides the fairness of the Settlement Agreement, the reasonableness of the $2 million request for fees and costs.

6. In evaluating the reasonableness of the $2 million figure for attorney's fees and costs included in the Settlement Agreement, the appropriate methodology is a percentage-of-recovery analysis, with a lodestar cross-check. *See In re AT&T Corp.*, 455 F.3d 164 (3d Cir. 2006).

7. The value of the class recovery in this case includes a cash and non-cash component. The cash component consists of the $2.365 million fund which, under the Settlement Agreement, represents payment of statutory damages to the Disclosure and Disputes Class ("D&D Class"), yielding individual checks in the amount of $820 to 2,884 D&D Class members. In addition to that cash payment to the D&D Class, all class members, including the 26,155 members of the Pre-Adverse Action Class ("PAA Class"), are obtaining a substantial economic benefit from the suspension of the Esteem database and the notice informing them that this significant employment barrier has been removed.

8. In order to properly value the non-cash component of the benefits obtained by the class, the Court can attempt to assign an approximate dollar value of this portion of the recovery. *See, e.g., McCoy v. Health Net, Inc.*, 569 F.Supp. 2d 448, 478 (D. N.J. 2008) (using the parties' "lowest estimated value" of the injunction portion of the relief obtained); *Ciccarone v. B.J.*

*Marchese, Inc.*, No. 03-cv-1660, 2004 WL 2966932, at *10 (E.D. Pa. Dec. 22, 2004) (concluding that value of non-cash relief was at least "equal the value" of the cash component).

9. Plaintiffs have submitted an expert report from an economist who, using job market data from the retail sector of the economy, has estimated that the removal of Esteem-related employment barrier has an aggregate value of, at a minimum, $26.6 million, for the PAA Class, or approximately $1,000 of average relief per class member. If the Court were to use that value, and add that to the cash D&D Class fund of $2.365 million, the proposed attorney's fee would represent 6.5% of the recovery. If, alternatively, the Court were to value the relief obtained by the PAA Class as being equal to the $820 cash received by the D&D Class, as in *Ciccarone*, rather than the slightly higher amount estimated by Plaintiffs' economist, that would yield a total recovery worth $23,685,000 and an attorney's fee of 8%.

10. Considering the factors listed in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), the $2 million figure represents a reasonable percentage of the value of the settlement.

11. Applying a lodestar cross-check, in consideration of the hours expended by counsel over the multiple years of this litigation, and the reasonableness of their respective hourly rates, and further considering the quality of the legal work performed, the contingent and innovative nature of the case and the arms' length negotiation that produced the settlement, the $2 million figure represents a modest multiplier of approximately 1.3 to the lodestar of Class Counsel.

Accordingly, in light of those findings, the Court hereby GRANTS Plaintiffs' Motion, and APPROVES Defendant's payment of $2 million to Class Counsel for attorney's fees and costs.

SO ORDERED.

Dated: 12/23/14

_____
HON. JAN E. DUBOIS
UNITED STATES DISTRICT JUDGE